## McManus's Estate.

*Wills—Probate—Laches—Appeal from register—Act of June 7, 1917, P. L. 415.*

1. An appeal by a son from the action of the register of wills in admitting to probate the will of his father, will be dismissed, where it appears that the father died in 1915, that the executor's account was confirmed in 1917, that the son first learned of his father's death in 1920, when he engaged counsel, and that nothing further was done until the appeal was filed in 1924.

2. In such case, even if the right of appeal existed at all after the statutory period provided by the Act of June 7, 1917, P. L. 415, had expired, it could rest only in the discretion of the court as a matter ex gratia, and as the laches of the petitioner clearly appeared, his petition was properly dismissed.

Argued November 25, 1925. Appeal, No. 328, Jan. T., 1925, by Harold W. McManus, from decree of O. C. Phila. Co., July T., 1916, No. 370, dismissing appeal from register of wills, in Estate of Frank (Francis) D. McManus, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from register of wills. Before GEST, J.
The opinion of the Supreme Court states the facts.

Appeal dismissed, in opinion by GEST, J., 5 Pa. D. & C. 737. Harold W. McManus, son of testator, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Leopold C. Glass,* for appellant.

*John R. Umsted, James M. Daly* and *T. M. Daly, Jr.,* for appellee. were not heard.

PER CURIAM, January 4, 1926:

The orphans' court refused the prayer of a petition for leave to appeal nunc pro tunc from an order of the register probating a will, and this appeal ensued.

We adopt the following excerpts from the opinion of the court below: "Frank D. McManus died June 2, 1915; on June 7, 1915, his will, dated May 21, 1915, was admitted to probate, and letters testamentary, were granted to T. M. Daly. By his will, testator devised his entire estate, real and personal, to Mary Elizabeth Comstock. The executor duly filed his account, and the adjudication thereon......, January 25, 1917, awarded the balance for distribution, amounting to some $200,000, to Mary Elizabeth Comstock; the adjudication was confirmed absolutely on February 10, 1917. On June 13, 1924, the petition of Harold W. McManus, a son of testator, was presented praying that the account be reviewed, and the decree of confirmation be set aside, on the ground, briefly, that the testator at the time of making his will did not possess testamentary capacity, and that the will was procured by the fraud and undue influence of Mary Elizabeth Comstock. A demurrer was filed ......and the court, after argument, dismissed the petition without prejudice. Harold W. McManus then appealed from the decree of the register of wills admitting the will to probate, and in his petition averred lack of testamentary capacity of testator, and that the will was procured by......fraud and undue influence......;

that the petitioner lived in New York, and did not
learn of his father's death until the spring of 1920, when
he engaged counsel, 'but for some reason, no proceed-
ings were instituted by the petitioner's lawyers.'  To
the petition alleging these facts, and setting forth the
petitioner's case in extenso, a demurrer was filed......
on the ground that the petitioner is barred from his ap-
peal by not having proceeded within the period pre-
scribed by statute......The Acts of March 15, 1832,
P. L. 135, section 31; April 22, 1856, P. L. 532, section 7,
and June 25, 1895, P. L. 305, the provisions of which are
substantially embodied in section 16 (a) of the Register
of Wills Act of June 7, 1917, P. L. 403, make the probate
of a will conclusive as to all property......devised or
bequeathed, etc., unless, within three years from the date
of probate (reduced to two years by the Act of 1917)
those interested shall appeal from the decree......[It
is not necessary to decide whether this time may be ex-
tended by the court.]......The will was proved in 1915,
nearly ten years ago, and the petitioner admits that he
learned in 1920 of his father's death, and, more than that,
consulted counsel, who, for some reason not stated, did
not proceed, and the petitioner did nothing until four
years thereafter.  His appeal, after the statutory period,
if it can exist at all, must rest in the discretion of the
court as a matter ex gratia, and the laches of the peti-
tioner, appearing from his own petition, is apparent,
for even if the will had been admitted to probate as late
as the spring of 1920, the provisions of the Act of 1917
would have then applied, which limit the right of appeal
to two years from the date of probate.  Passing over the
pertinent question why the petitioner, who lived in New
York, did not come to Philadelphia to see his father until
1920, it seems to us that he has slept since then on his
rights, if any he has.  If this appeal should be allowed
after ten years have expired, it might as well be allowed
after another ten years have slipped away, during which

time witnesses may die, and documentary evidence be lost or destroyed."

The decree is affirmed at cost of appellant.