## Palm Estate

*Maurice R. Metzger*, for accountant.
*William H. Dunbar*, for heirs and next of kin.
*Stanley C. Fellows*, for legatees.

RICHARDS, P. J., August 6, 1951.—Cyrus W. Palm died a resident of this county on February 14, 1946. the register admitted to probate, as the last will and testament of deceased, a document dated April 2, 1941. On March 6, 1950, an appeal was taken from the probate of this will. On the same date a petition was presented to this court, averring, inter alia, that a later purported will, dated April 9, 1941, had been discovered. It was therefore prayed that a citation be issued to all interested parties to show cause why the probate of the first will should not be opened and leave granted to offer the later will for probate. The citation was issued and all parties duly served. We then received testimony and heard argument on the issues.

The record in this case presents two principal issues for decision: (1) Was the will of April 9, 1941, executed in accordance with law so that it could be probated in the event that the probate of the will of April 2, 1941, should be opened; (2) may the present appeal be entertained in view of the fact that it was instituted more than two years after the probate of the will of April 2, 1941.

The record reveals nothing which would prohibit the probate of the will. On the contrary, it does contain testimony which, if believed by the register, would entitle the will to probate under section 3 of The Wills Act of June 7, 1917, P. L. 403, if the probate of the first will may lawfully be opened.

We shall, therefore, now direct our attention to the second major question above mentioned. The first will was probated on September 30, 1946, and the appeal was taken on March 6, 1950, approximately three and one-half years thereafter. The Register of Wills Act of June 7, 1917, P. L. 415, 20 PS §1842, et seq., contains the following provisions which are relevant to the present case:

"Section 21 (a) From all the judicial acts and proceedings of the several registers . . . appeals may be taken to the orphans' court of the respective county within the term of two years": 20 PS §2005.

"Section 16 (a) The probate, or refusal of probate, by the register of the proper county of any will, or any other paper purporting to be a will or codicil thereto, shall be conclusive as to all property, real or personal, devised or bequeathed by such will or codicil or other paper, unless, within two years from the date of such probate or refusal of probate, those interested shall appeal from the decree of the register as herein provided: Provided, That all persons who would be sooner barred by this section taking immediate effect shall not be thereby barred before two years from the date hereof": 20 PS §1886.

"Section 16 (b) The last will of any decedent may be offered for probate at any time: Provided, That if such will shall not have been offered for probate within three years from the date of the death of the testator, the same shall be void and of no effect against a bona fide conveyance or mortgage of the real estate of said decedent duly recorded before the date of the offering of said will for probate": 20 PS §1887.

"The admission of a will to probate is a judicial act, which cannot be impeached in a collateral issue": Broe v. Boyle, 108 Pa. 76, 82. "The proceeding is in the nature of a proceeding in rem, and when a final decree is reached it is conclusive on all the world": Miller's Estate, 166 Pa. 97, 110. In Bunce v. Galbrath, 268 Pa. 389, 392, the court said:

"That a register's decree admitting to probate a last will, unappealed from within the statutory period, becomes thereafter conclusive and exempt from collateral attack is too well established to be gainsaid. Such probate is conclusive as to all questions and disputes touching the will as fall within the jurisdiction

of the register, as for instance, questions of fraud in the procurement of the will, whether by undue influence, restraint, or duress of any kind. When a last will has been admitted to probate, the legal presumption at once arises that the will so probated is a last will, and is the free and voluntary expression of a testator, of sound and disposing mind and understanding, as to the disposition the testator desired to make of his property upon his death. Where the decree of the register is unappealed from within the period allowed for such appeal, the legal presumption becomes conclusive, and it makes an end to questions passed upon, or within the jurisdictional power of the register to consider, touching the validity of the will."

Notwithstanding these pronouncements, the courts have allowed appeals from the probate of a forged will after the appeal period has passed, as a matter of discretion ex gratia: Lowry's Estate, 26 D. & C. 200, 202; Roberts' Estate, 309 Pa. 389, 392. Some of the cases seem to imply that when a will has been probated, and thereafter a will bearing a later date is discovered, an appeal may be taken from the probate of the earlier will ex gratia, even though the appeal period has passed. Thus in Sebik's Estate, 300 Pa. 45, a will dated July 14, 1915, was probated on July 29, 1926. In 1929 petitioner attempted to probate a copy of a last will dated 1921. From the refusal of probate by the register an appeal was taken. The court held that the appeal should be dismissed because there had been no appeal from the probate of the will of 1915. But the court, speaking through Mr. Chief Justice Moschzisker, at pages 47-48 said:

"We agree with the court below that, *in a case like the present*, where there has been a prior probate of a paper thereby accepted as the last will of the decedent, and an alleged testamentary writing bearing a later date is subsequently discovered, *it is necessary*,

when the latter is not merely a codicil to the former, *for its proponent to appeal from the earlier probate.* On such appeal the orphans' court will take evidence to enable it to determine the issues involved and, if the paper offered for probate is in fact and law the last will of decedent, the court will make an appropriate order so that it may be probated accordingly." (Italics supplied.)

In this quotation, the words "in a case like the present" comprehended the production of an alleged later testamentary document after the appeal period had passed from the probate of the earlier will. As we understand the case, when a later will is discovered, an appeal from the probate of the earlier will must be taken, whereupon the court must determine whether in fact and in law the later will should be tendered for probate. If so, an order should be made to effectuate this conclusion.

In McManus' Estate, 285 Pa. 74, decedent died in 1915. The executor's account was confirmed in 1917. A son learned of the death of his father in 1920, and appealed from the probate in 1924. The court held him guilty of laches and dismissed the appeal. In doing so, at page 76, it used the following significant language:

"His appeal, after the statutory period, if it can exist at all, must rest in the discretion of the court as a matter *ex gratia,* and the *laches* of the petitioner, . . . is apparent . . ."

In this case the basis for the appeal was lack of testamentary capacity and fraud. It would seem that the decision was based on laches and not upon the fact that the appeal was taken after the statutory period for appeal had expired. In fact, the opinion suggests that in a proper case an appeal may be entertained after the appeal period has expired.

In Hetzel's Estate, 37 D. & C. 440, Judge Trimble, of the Allegheny County Orphans' Court, sustained

an appeal from the probate of an earlier will after the appeal period had passed in order to permit the tender for probate of a later will. In his opinion he discussed section 16(*a*) and 16(*b*) of the Register of Wills Act above quoted. With reference thereto, he stated at page 443:

"The purpose of these two sections is to make marketable the property of a decedent passing under his probated will, or by conveyance from his heirs, or by transfer by his administrators. The result is, when the bar becomes effective, titles of bona fide purchasers for value are free from direct or collateral attack after the expiration of two years in section 16(a) and three years in section 16(b). It is not the purpose of the act of assembly to prohibit the probate of a last will and testament offered after the expiration of a time limit. This would be contrary to the direct declaration of section 16(b) which says the last will and testament may be probated at any time. . . ."

As far as the facts of the case are concerned, we observe that Mr. Hammers acted with reasonable promptness when the later will was discovered. We do not see how he could be guilty of laches. We feel that Mrs. Derr, as custodian of the will, was somewhat derelict in her duty and may conceivably be guilty of constructive fraud, but certainly not of actual fraud. Under the record, no suspicion arises as to the authenticity of the later will. Decedent lived almost five years after its execution and is not known to have written a later one. He had ample time to reflect upon its provisions and evidently did not desire to change them. No account has been filed, no distribution has been made and no real estate has been sold or mortgaged. On principles of justice and equity, there is no reason to question the fact that the later will is in fact and in law the last will of decedent. Neither do we believe that the sections of the Register of Wills Act above

quoted, in view of the decisions, prohibit the opening of the probate of the earlier will and the tendering of the later will for probate. In fact, to us, this seems to be essential in the interest of justice. . . .