# Bunce, Appellant, v. Galbrath.

*Wills—Probate—Collateral attack—Trespass against executor—Estoppel—Parties and privies—Proceedings in rem.*

1. A decree of the register of wills admitting a will to probate, unappealed from within the statutory period, becomes thereafter conclusive, and exempt from collateral attack.

2. After a will has been duly admitted to probate, and the time for appeal has expired, a suit in trespass cannot be maintained, by a child of the testatrix against the executor, charging him with fraud and undue influence in procuring the will, to the injury of plaintiff.

3. The rule which makes estoppel apply only to parties and privies, has no application in probate proceedings. Such proceedings are in all essentials in rem and not in personam, and are conclusive not merely against the parties and privies to them, but against all the world.

*Executors and administrators—Trespass against executor—Jurisdiction of orphans' court—Act of March 21, 1806.*

4. An action of trespass in the common pleas against an executor charging him with dereliction and failure of duty as executor, can-

not be maintained, inasmuch as the orphans' court has exclusive jurisdiction over all such matters. The Act of March 21, 1806, section 13, 4 Sm. L. 324, 332, is applicable to such a case.

Argued September 30, 1920. Appeal, No. 86, Oct. T., 1920, by plaintiff, from judgment of C. P. Venango Co., April T., 1920, No. 2, for defendant on question of law raised by affidavit of defense in case of Kate A. Bunce v. Charles R. Galbrath. Before Brown, C. J., Stewart, Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Trespass for fraud in procuring execution of will. Before Criswell, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment for defendant on the question of law raised by the statement of claim and affidavit of defense. Plaintiff appealed.

*Error assigned* was, inter alia, judgment of court, quoting it.

*Quincy D. Hastings,* for appellant.

*A. B. Jobson,* for appellee, was not heard.

Opinion by Mr. Justice Stewart, December 31, 1920:

This case is peculiar in several of its aspects. It is not necessary here to call attention to these since they will readily occur to any one from a mere recital of the facts as they may be gathered from the pleadings. The action was in trespass for the recovery of damages, the narr. alleging several distinct and unrelated torts, in which the defendant, plaintiff's brother, was the chief and only actor, and in consequence of which plaintiff sustained serious injury in her estate. The action under earlier forms would have been in case. The mother of these contestants, Mrs. Catherine L. Galbrath, died some

time prior to March 11, 1912. The record before us does not disclose the exact date, nor does it disclose the date of the probate of the will. It, however, sufficiently appears that she died testate; that her will was duly admitted to probate without contest; and that about March 11, 1912, letters testamentary on her estate were granted by the register of Venango County to her son, Charles R. Galbrath, the defendant.

The first of the torts complained of is that the defendant "did wilfully and maliciously undertake to influence the mind of plaintiff's mother at and before the making of her will, to the injury and loss of the plaintiff's right and property in her said mother's estate, in that he did procure and secure his own appointment and selection as executor of her said will, and did further secure his appointment in said will as trustee of the legacy of the plaintiff in said will given, and did name, limit, specify, and characterize the nature and amount of plaintiff's legacy by her mother bequeathed to her in said will." In section 4 of the narr. it is averred that "defendant, having been granted letters testamentary on his mother's estate, assumed the duties as trustee of a certain legacy bequeathed to her in and by her mother's will, to wit: Eighteen shares of the capital stock of the Pennsylvania Railroad Company, she to receive the income derived therefrom which defendant promised to pay her but which he had declined to do." This count concludes that, by reason of defendant's wilful, wanton, and malicious acts in the premises as hereinbefore described, "she has been deprived and now is deprived of the use and benefit of the legacy in her said mother's will; that the defendant has deprived and now is depriving the plaintiff of her just share in her mother's estate, which just share the defendant, by his acts and conduct, as hereinbefore alleged, limited."

To this statement of cause of action defendant filed what is here designated an affidavit of defense, but which, in law and fact, was a demurrer, reserving the

right to file an additional affidavit in case questions of law raised by the demurrer should be decided against him. The court below, as to the first complaint, sustained the demurrer, holding that the complaint amounted to a collateral attack on the will of the mother; that the will having been admitted to probate, and the statutory period of appeal from such decree having passed without appeal, the will was therefore open no longer to attack, direct or collateral. As to the second complaint indicated above, the court also sustained the demurrer on the ground that the various acts of assembly, giving jurisdiction to such inquiries to the orphan's court, provided appropriate, adequate, and complete remedies, and that, by the Act of March 21, 1806, such jurisdiction was exclusive.

Little need be said in addition to what has been said by the learned judge in the court below in support of his conclusions sustaining the appellee's demurrer. That a register's decree admitting to probate a last will, unappealed from within the statutory period, becomes thereafter conclusive and exempt from collateral attack is too well established to be gainsaid. Such probate is conclusive as to all questions and disputes touching the will as fall within the jurisdiction of the register, as for instance, questions of fraud in the procurement of the will, whether by undue influence, restraint, or duress of any kind. When a last will has been admitted to probate, the legal presumption at once arises that the will so probated is a last will, and is the free and voluntary expression of a testator, of sound and disposing mind and understanding, as to the disposition the testator desired to make of his property upon his death. Where the decree of the register is unappealed from within the period allowed for such appeal, the legal presumption becomes conclusive, and it makes an end to questions passed upon, or within the jurisdictional power of the register to consider, touching the validity of the will.

The torts complained of in the first seven paragraphs of the plaintiff's statement, are so many specifications of what the defendant is alleged to have done in furtherance of an alleged malicious design to unduly influence the mind of the plaintiff's mother, Catherine L. Galbrath, at and before the making of the will, to the "injury and loss of the plaintiff in her rights and property of her said mother's estate." Any attempt in such an action as the present, brought after the right of appeal from the probate had expired, and after the presumption of the integrity of the will had become conclusive, would have been met with the unanswerable objection that plaintiff was estopped by the record from attacking anything that the probate attested.

The appellant's sole reliance for escape from the operation of the estoppel rests on the ground that estoppels are only binding on parties and privies, and that neither party to this particular action was a privy in the proceeding that led to the probate of the will. To insist on this is to overlook a distinguishing characteristic of the probate proceeding which takes it wholly out of the operation of the rule which makes estoppel apply only to parties and privies. That characteristic is found in the fact that a decree of probate is in all essentials a judgment in rem, and it is this feature that settles this contention adversely to appellant. Our own cases recognize and allow the distinction. In Miller's Est., 166 Pa. 97, it is said, "The proceeding is in the nature of a proceeding in rem and when a final decree is reached it is conclusive upon all the world," for which the writer of the opinion cites a number of our own cases, such as Ottinger v. Ottinger, 17 S. & R. 142; Folmar's App., 68 Pa. 482; Warfield v. Fox, 53 Pa. 383; Miller's Est., 159 Pa. 562.

The same rule obtains generally. We find it thus explained in Woodruff v. Taylor, 20 Vt. 65: "A judgment in rem," says HOLT, J., in his opinion, "I understand to be an adjudication, pronounced upon the status of some

particular subject-matter by a tribunal having competent authority for that purpose. It differs from a judgment in personam in this, that the latter judgment is, in form as well as substance, between the parties claiming the right; and that it is so inter partes appears by the record itself. It is binding only upon the parties appearing to be such by the record and those claiming by them. A judgment in rem is founded on a proceeding instituted, not against the person as such, but against or upon the thing or subject-matter itself whose state or condition is to be determined. It is a proceeding to determine the state or condition of the thing itself; and the judgment is a solemn declaration upon the status of the thing and it ipso facto renders it what it declares it to be.

"The probate of the will I conceive to be a familiar instance of a proceeding in rem in this State. The proceeding is, in form and substance, upon the will itself. No process is issued against anyone; but all persons interested in determining the state or condition of the instrument are constructively notified, by a newspaper publication, to appear and contest the probate; and the judgment is, not that this or that person shall pay a sum of money, or do any particular act, but that the instrument is or is not the will of the testator. It determines the status of the subject-matter of the proceeding. The judgment is upon the thing itself; and when the proper steps required by law are taken the judgment is conclusive and makes the instrument as to all the world (at least so far as the property of the testator within this State is concerned), just what the judgment declares it to be."

It is to be noted that in our own State the notification to the parties in interest is to be given in connection with the appeal, if taken, from the register's decree; the difference is without significance. Under all the authorities, the probate of the will adjudicates the status of the estate of the decedent, that the estate has been legal-

ly committed to the care and custody of the legally appointed executor, and it legally follows that the will becomes the law governing its distribution.

All the other complaints in the narr. charge dereliction and other failures on the part of the defendant in the discharge of his duties as executor and trustee. If he has been guilty of any of the things charged, as executor or trustee, our various acts of assembly provide appropriate and adequate remedies therefor, and such remedies must be resorted to. To the orphans' court is given the exclusive jurisdiction when complaints are made as here. The Act of March 21, 1806, provides that "in all cases where a remedy is provided or duty enjoined, or anything directed to be done by any act or acts of assembly in this Commonwealth the directions of the said act shall be strictly pursued and no penalty shall be inflicted on anything done agreeably to the provisions of the common law,......further than shall be necessary for carrying such act or acts into effect."

Other reasons occur, distinct from those we have discussed, which, to the mind of the writer, quite as conclusively negative plaintiff's rights to recover for the injury complained of in the action adopted; since, however, we are entirely satisfied with the sufficiency of the reasons discussed, and since nothing can be gained by extending this opinion beyond its present limits, these we pass without further remark.

The assignments of error are dismissed and the judgment is affirmed.

The foregoing opinion written by Mr. Justice STEWART was adopted by the court after his death and is now filed as its opinion.			PER CURIAM.