## McManus's Estate.

*Appeals from Register of Wills—Granting petition for leave to appeal nunc pro tunc—Laches—Act of June 7, 1917.*

1. A petition for leave to appeal from a decree of the register of wills admitting a will to probate, presented more than nine years after the decree and more than four years after the petitioner had received notice thereof, setting up fraud and undue influence in the procurement of the will, will be dismissed.

2. An appeal from a decree of the register after the statutory period, if it can be granted at all, rests in the sound discretion of the court as a matter *ew gratia*, and, under the circumstances of the present case, was barred by the petitioner's laches.

Register of Wills Act of June 7, 1917, § 16 (*a*), P. L. 403, and earlier statutes reviewed.

Petition for leave to appeal from Register of Wills *nunc pro tunc* and demurrer. O. C. Phila. Co., July T., 1916, No. 370.

*Leopold C. Glass*, for petitioner; *John R. Umsted* and *James M. Daly*, contra.

GEST, J., March 27, 1925.—Frank D. McManus died June 2, 1915, and on June 7, 1915, his will, dated May 21, 1915, was admitted to probate and letters testamentary were granted to T. M. Daly. By his will, the testator devised his entire estate, real and personal, to Mary Elizabeth Comstock. The executor duly filed his account, and the adjudication thereon, filed by Anderson, J., on Jan. 25, 1917, awarded the balance for distribution, amounting to some $200,000, to Mary Elizabeth Comstock, and the adjudication was confirmed absolutely on Feb. 10, 1917. On June 13, 1924, the petition of Harold W. McManus, a son of the testator, was presented, praying that the account be reviewed and the decree of confirmation be set aside, on the ground, briefly, that the testator at the time of making his will did not possess testamentary capacity, and that the will was procured by the fraud and undue influence of Mary Elizabeth Comstock. A demurrer was filed by Mary Elizabeth Comstock, and the court, after argument, dismissed the petition without prejudice.

Harold W. McManus then appealed from the decree of the Register of Wills admitting the will to probate, and in his petition averred lack of testamentary capacity of the testator, and that the will was procured by the fraud and undue influence of Mary Elizabeth Comstock, who prejudiced him against his son, the present petitioner, and concealed the petitioner's letters to him, and, moreover, concealed from the petitioner the knowledge of his father's death. And, further, that the petitioner lived in New York and did not learn of his father's death until the spring of 1920, when he engaged counsel, "but, for some reason, no proceedings were instituted by the petitioner's lawyers." To the petition, alleging these facts and setting forth the petitioner's case *in extenso*, a demurrer was filed by Mary Elizabeth Comstock, on the ground that the petitioner is barred from his appeal by not having proceeded within the period prescribed by statute.

The facts set forth in the petition, to which a demurrer has been filed, may be conceded to be sufficient to sustain the appeal, unless the act of assembly operates to bar it. The Acts of March 15, 1832, § 31, P. L. 135, April 22, 1856, § 7, P. L. 532, and June 25, 1895, P. L. 305, the provisions of which are substantially embodied in section 16 (*a*) of the Register of Wills Act of June 7, 1917, P. L. 403, make the probate of a will conclusive as to all property, real or personal, devised or bequeathed, etc., unless, within three years from the date of probate (reduced to two years by the Act of 1917) those interested shall appeal from the decree. It is, however, strenuously argued by the learned counsel for the petitioner that this court, in the exercise of its

powers as a court of equity, has the right to allow appeals *nunc pro tunc* after the expiration of the time allowed by statute, and the decisions of the Supreme Court concerning bills or petitions for review are cited as analogous, especially in a case like the present, where, as it is argued, no rights of third parties have intervened. The demurrant, on the other hand, relies not only on the express language of the act, which, like others similar to it, is a statute of repose, but, also, on the decision of this court in Wells's Estate, 7 Pa. C. C. Reps. 354, where the opinion of Judge Penrose seems to be in accord with the decisions of the Supreme Court, among which may be cited Bunce *v.* Galbrath, 268 Pa. 389.

We have been referred to no case which presents the exact question raised in this case, and even if we might otherwise overrule this demurrer, we are of the opinion that, on the facts stated in the petition, it should be dismissed. The will was proved in 1915, nearly ten years ago, and the petitioner admits that he learned of his father's death in 1920, and more than that, consulted counsel, who, for some reason not stated, did not proceed, and the petitioner did nothing until four years thereafter. His appeal, after the statutory period, if it can exist at all, must rest in the discretion of the court as a matter *ex gratia*, and the laches of the petitioner, appearing from his own petition, is apparent, for, even if the will had been admitted to probate as late as the spring of 1920, the provisions of the Act of 1917 would have then applied, which limit the right of appeal to two years from the date of probate.

Passing over the pertinent question why the petitioner, who lived in New York, did not come to Philadelphia to see his father until 1920, it seems to us that he has slept since then on his rights, if any he has. If this appeal should be allowed after ten years have expired, it might as well be allowed after another ten years have slipped away, during which time witnesses may die and documentary evidence be lost or destroyed.

For these reasons, the demurrer is sustained and the petition is dismissed.

LAMORELLE, P. J., was absent.