Roberts's Estate.

Argued October 3, 1932. Before Frazer, C. J., Simpson, Schaffer, Maxey, Drew and Linn, JJ.

*Robert H. Locke,* for appellant.—All petitioner had to prove was that the will was not signed. She did not have to prove it was forged, etc.: Kress House Moving Co. v. Hogg Co., 263 Pa. 191; Moore v. Ins. Co., 196 Pa. 30.

*John C. Judson, Norman E. Clark* and *Richard G. Miller,* for appellee, were not heard.

Opinion by Mr. Chief Justice Frazer, November 28, 1932:

On May 29, 1931, Margaret M. Long filed her petition in the Orphans' Court of Washington County, praying for a citation on the Washington Trust Company to show cause why she should not be allowed to appeal from the probate of the will of her grandfather, George W. Roberts, who died January 2, 1909. Petitioner alleged the signature to this will to be a forgery and its admission to probate on January 6, 1909, a fraud upon the register of wills. The Washington Trust Company was named executor in the will and letters testamentary having been issued to it, the petition prayed that the probate be set aside, letters testamentary vacated and the trust

company surcharged as executor de son tort with the assets of the personal estate of decedent not distributed in accordance with the intestate laws.

The Washington Trust Company filed an answer in the nature of a demurrer raising questions of procedure and the substantive defense of laches. After consideration, the lower court dismissed the petition without prejudice to the rights of petitioner to file a new or amended petition conforming with the rules of court of Washington County. Without amending as suggested in the court's opinion, petitioner has appealed to this court.

The opinion of the court below indicates that the petition was defective not only in failing to set forth material facts on which the allegation of forgery was based, but also in not complying with the rules of that court as regards the procedure required in appeals from acts of the register of wills. The court also found a nonjoinder of proper parties, and that the petition, in addition to being multifarious, exhibited petitioner's laches on its face. No more than two of these questions need be discussed here to determine the fate of this appeal.

(1) Petitioner obviously did not comply with Rule 9 of the Orphans' Court of Washington County which states that:

"1. No appeal from any judicial act or decision of the register of wills will be considered by the court, unless such appeal has been first filed with the register, the security as required by the Register of Wills Act of 1917, section 20, duly entered, and the record of the proceedings had before him, duly certified by the register and filed in this court."

Instead of following this procedure appellant presented a petition "for leave to appeal," on the theory that this was necessary since the statutory period for taking an appeal had already expired. This course was persisted in despite the lower court's expression "that this decree shall be without prejudice to the rights of petitioner to file a new or amended petition in accord-

ance with Orphans' Court Rule 9, and the foregoing opinion, and without prejudice to raise the various questions as to the manner in which the trust has been administered, in any appropriate proceeding as above indicated." It is true that, ordinarily, after two years no appeal can be taken from the probate of a will, but in the case of forged instruments there may be an appeal in the discretion of the court as a matter ex gratia: Culbertson's Est., 301 Pa. 438.

(2) Of more importance is the fact that appellant exhibits laches on the face of her petition. The will in question was formally admitted to probate January 6, 1909. Petitioner came of age August 5, 1921. For nearly ten years she did nothing to contest the validity of the will, despite her averment that "it was matter of common knowledge in the family......that an unsigned will was probated." It will not do for her to come into court at this late date and aver that "on the 15th day of January, 1931, petitioner accidentally discovered that the signature of George W. Roberts to the said alleged will was forged," without setting forth facts as to who performed the forgery or the circumstances under which it was committed. Appellant has slept on her rights and cannot be heard to complain now: McManus's Est., 285 Pa. 74.

We might also add that this case could be dismissed for failure to bring the appeal in accordance with our rules. In the printed record, appellant has made many departures from the wording of the opinion of the lower court and the terms of decedent's will. Although none of these errors was intentional, or fundamental in nature, the mistakes are too numerous to be passed over without comment. Such carelessness is most reprehensible. It is extremely important that printed records placed before this court contain an exact copy of the opinion of the lower court and that all relevant exhibits be reproduced without changes or alterations.

The decree of the court below is affirmed at appellant's costs.