## Lowry's Estate

Before Stearne, Sinkler, Klein, and Bok, JJ.

*Hugh Roberts* and *Lawrence C. Hickman,* for petitioners.

*Boyd Lee Spahr, Robert W. Archbald, Jr., Edward W. Madeira, Thomas Cahall, Maurice W. Sloan, Richard K. Stevens, C. Wilfred Conard, Ernest Scott, Rodney T. Bonsall, Herbert Simons, J. Howard Rhoads, Howard H. Yocum, Wayne P. Rambo, Cuthbert H. Latta, Jr., Walter S. McInnes, Edmonds, Obermayer & Rebmann, Duane, Morris & Heckscher, Saul, Ewing, Remick & Saul,* for respondents.

KLEIN, J., March 27, 1936.—Annie L. Lowry died on August 1, 1908, leaving a will dated November 7, 1907, which was admitted to probate on August 7, 1908, when letters testamentary were granted to Ellwood Bonsall and the Land Title Bank and Trust Company.

By her will the testatrix bequeathed a large number of pecuniary legacies, which need not be restated, and her residuary estate she devised and bequeathed to Ellwood Bonsall, to pay out certain legacies and to distribute the "overplus", if any, among such persons or institutions as she might by writing direct, and in the absence of such writing, in accordance with his own judgment.

An account was filed by the executors and audited by Anderson, J., who, in his adjudication of November 15, 1909, which was subsequently confirmed absolutely, awarded a balance of $339,773.17 to Ellwood Bonsall as trustee, to carry out the purposes of the trust. After distributing this balance, Ellwood Bonsall filed his account showing such distribution, and the same was audited by Lamorelle, J., who filed his adjudication confirming the account on April 12, 1911, and the same was subsequently confirmed absolutely.

On May 22, 1935, Hannah B. Davidson, claiming to be a second cousin and heir at law of the decedent, filed an appeal to this court from the decision of the register of wills admitting to probate the paper writing dated November 7, 1907, as the last will and testament of Annie L. Lowry and granting letters testamentary thereon. By decree dated June 1, 1935, security having been duly entered, the register of wills allowed the appeal and certified the record to this court in order that the rights of the appellants to appeal from probate might be determined, more than two years having elapsed since the date of such probate.

By decree of this court dated November 7, 1935, a citation was awarded directed nominatim to the legatees named in the will of the testatrix, to the heirs and next of kin of Annie L. Lowry, and to certain other beneficiaries under certain deeds of trust entered into by the executors and trustees of the will of Annie L. Lowry, and to the executors of the will of E. Warner Bonsall, deceased, to show cause why the appeal of Hannah B. Davidson from the decree of the register admitting to

probate a certain paper writing dated November 7, 1907, as the last will and testament of Annie L. Lowry should not be sustained, the decree set aside, and an issue directed to the court of common pleas to try by jury the following questions of fact:

1. Whether or not the signature to the will is the signature of the said decedent;

2. Whether or not at the time of the execution of the said writing, the decedent was a person of sound mind; and

3. Whether or not the said writing is the will of the said decedent.

Preliminary objections in the nature of a demurrer pursuant to Rule of Court 15(e) were filed by a large number of respondents, raising certain questions as to the sufficiency of the averments in the petition and certain other questions as to the procedure and interposing the defense of laches. The matter came on for argument before the court en banc on March 16, 1936.

The law is clear under the provisions of sections 16(a) and 21(a) of the Register of Wills Act of June 7, 1917, P. L. 415, that the probate of a will or paper purporting to be a will or codicil thereto is conclusive unless an appeal is filed from the decree of the register within two years from the date of such probate or refusal.

An exception has been made to this rule in cases of forged instruments. In such cases it has been held that there may be an appeal in the discretion of the court ex gratia: Culbertson's Estate, 301 Pa. 438 (1930). This exception, however, does not extend to appeals based on testator's lack of testamentary capacity, and the petitioner is barred from raising this question at this late date.

We are of the opinion that the petition, with respect to its allegation of forgery, is wholly inadequate in its present form and fails to show that appellant is entitled to relief.

This case bears a striking resemblance to Roberts' Estate, 309 Pa. 389 (1932), in which a petition was filed in 1931, alleging that a will which was probated in 1909 was a forgery. The averments in that petition were as vague and indefinite as in the present case. Judge Crumrine, President Judge of the Orphans' Court of Washington County, in the opinion of the lower court said:

"If this will were forged, the petitioner is entitled to relief. But either the allegation of forgery is a mere guess dictated by interest, or the petitioner is in possession of some important facts which, when proved, would establish a *prima facie* case of forgery. It is these facts which should be set out in the petition.

"Who committed the forgery? What were the attendant circumstances? What was the motive? Who benefited? Who had the opportunity to commit it? Maybe the petitioner cannot answer these questions herself, but in any event she should tell us her story,—let us know at least, what facts have convinced her that the will was forged. When we know them we can see whether they are sufficient to justify our proceeding further with the case."

In addition to the vagueness of the allegation of forgery, the petitioner also exhibits laches on the face of her petition. Almost 27 years elapsed between the date of the probate of the will and the filing of her petition. She admits that immediately after the will was probated she undertook to contest it and employed counsel for that purpose. We must therefore infer that she knew then of the existence of the facts upon which her present petition is based. She sets up as a reason for her failure to act in all these years a vague allegation that one of the executors, who is not named, gave her false information concerning the existence of certain first cousins of the decedent, which would exclude her, and that only recently did she discover the falsity of these statements. Since the existence of these relatives was a matter which could have readily been ascertained, it seems clear that this

excuse is not sufficient to overcome the fact that she has slept on her rights for many years.

However, in view of the allegation of forgery, we will adopt the practice followed in Roberts' Estate, supra, and permit the petitioner to file an amended petition, so that this court may have before it all of the facts upon which she relies to prove her claim.

The petition is also defective in that it fails to join, as party respondent, Ellwood Bonsall, or his personal representatives, in his representative capacity as executor or trustee: Roberts' Estate, supra.

We are therefore of opinion that the preliminary objections are well founded and they will be sustained. The decree of this court of November 7, 1935, awarding citations as requested in the prayer of the petition, is, therefore, rescinded, and the prayer of the petition is denied so far as it relates to the question of testamentary capacity, but the revocation thereof is without prejudice to the rights of the appellant to present a new and amended petition based on the alleged forgery in conformity with the rules of court and this opinion.

NOTE.—Judge Van Dusen, although present at the oral argument, did not participate in the deliberation of this case, or in the decision of the court.