409 A.2d 5

In re ESTATE OF Victor E. KIGER, Deceased.

**Appeal of Fred KIGER.**

Supreme Court of Pennsylvania.

Argued Sept. 24, 1979.

Decided Dec. 21, 1979.

144

George Retos, Jr., Retos, Symons & Clarke, Washington, for appellant.

Debbie O'Dell, Washington, for Edward Kiger, Executor of the Estate.

James Hook, Waynesburg, for Mr. and Mrs. Robert Hennen, et al.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On June 18, 1976, Victor E. Kiger, the testator, died. A will dated April 16, 1976, was offered for probate on August 3, 1976. On August 12, 1976, appellant, Fred Kiger, brother

of the testator, filed a caveat, alleging that the testator's will was the result of undue influence exercised over the testator by the appellees, Robert R. and Nancy Hennen, beneficiaries under the testator's will.

Following a hearing, the Register of Wills of Greene County ruled on September 29, 1977, that the will was valid. Pursuant to a petition filed by the appellees, the Orphans' Court of Greene County, in the presence of the parties and their attorneys, issued a decree limiting the appeal time to six months from the date of the Register's decision. Appellant filed an appeal from the decision of the Register of Wills on May 8, 1978. On August 4, 1978, the court granted the appellees' motion to strike the appeal, holding the appeal was untimely filed. This appeal is from the decree striking the appeal.

■ Appellant first argues the court erred in limiting the time for appeal to six months. The court entered the decree pursuant to § 908 of the Probate Estates & Fiduciaries Code,[1] which stated:

".  .  . Any party in interest who is aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within two years of the decree  .  .  .. *The court, upon petition of a party in interest, may limit the time for appeal to six months.*" 20 Pa.C.S.A. § 908(a)  (Emphasis added.)

However, that section was amended on July 9, 1976, to read:

".  .  . Any party in interest who is aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within *one year* of the decree  .  .  .. The court, upon petition of a party in interest, may limit the time for appeal to *three months.*" Act of July 9, 1976, P.L. 551, No. 135, § 3, 20 Pa.C.S.A. § 908(a) (Supp.1979–80).

1.  Act of June 30, 1972, P.L. 508, No. 164, § 2, 20 Pa.C.S.A. § 101, et seq.

Appellant argues that since the court limited the appeal time under the old § 908 of the code, which was no longer in effect at the time of the decree, the resulting decree was a nullity. As such, appellant argues the one-year limitation for appeals should apply, making his appeal timely. We disagree.

At the time the decree limiting appeal time was entered, appellant was present and was represented by counsel. Yet, the record contains no indication that appellant objected to the time limitation of six months under the original un-amended § 908 of the code. Having failed to object at the time the decree was entered, appellant may not now complain that the wrong statute was used to limit the time for appeal. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). Appellant was thus limited to six months in which to appeal the register's decision.

■ Appellant next argues he did file his appeal within the six-month period. The register held the will was valid on September 29, 1977. The Court of Common Pleas de-creed the appeal time be limited to six months on November 23, 1977. Appellant argues the six-month period should have run from the date the time for appeal was limited, or November 23, 1977. Using that date, the six-month period would have expired on May 23, 1978, making appellant's May 8, 1978, appeal timely. We find, however, no merit to appellant's argument.

The court entered the following decree:

"AND NOW, this 23rd day of November, 1977, let the record show the Court directs the Executor to file an inventory and appraisal on or before Friday, December 9, 1977, and the same to be filed at the peril of being removed from the office of Executor, and the Court further orders that the time for filing an appeal on the ruling of the Register and Recorder be limited to six (6) months *from the date of the same.*" (Emphasis added.)

Any commonsense reading of the decree makes clear that the court intended the six-month limitation to run from the

date of the register's decision, September 29, 1977. As the period expired on March 29, 1978, appellant's appeal was filed out of time.

■ Appellant finally argues he be excused from appealing within the required time period because of certain exceptions to the general rule, which holds:

".  .  . That a register's decree admitting to probate a last will, unappealed from within the statutory period, becomes thereafter conclusive and exempt from collateral attack, is too well established to be gainsaid. Such probate is conclusive as to all questions and disputes touching the will as fall within the jurisdiction of the register, as for instance, questions of fraud in the procurement of the will, whether by undue influence, restraint, or duress of any kind. When a last will has been admitted to probate, the legal presumption at once arises that the will so probated is a last will, and is the free and voluntary expression of a testator, of sound and disposing mind and understanding, as to the disposition the testator desired to make of his property upon his death. Where the decree of the register is unappealed from within the period allowed for such appeal, the legal presumption becomes conclusive, and it makes an end to questions passed upon, or within the jurisdictional power of the register to consider, touching the validity of the will." *Bunce v. Galbraith*, 268 Pa. 389, 112 A. 143 (1920). *See, Estate of Shelly*, 463 Pa. 430, 345 A.2d 596 (1975).

In *Culbertson's Estate*, 301 Pa. 438, 152 A. 540 (1930), we held that where fraud was practiced upon the Register of Wills, an appeal could be taken after the statutory time for an appeal had passed. In *Rockett Will*, 348 Pa. 445, 35 A.2d 303 (1944), we held an appeal may be taken out of time where an uncertain record is involved; there, the question was whether notes in the margin of the will, which purportedly revoked clauses of the will, were or were not a part of the will in question.

In the instant case, we do not believe the court abused its discretion in dismissing appellant's appeal. In both *Culbert-*

*son's Estate, supra,* and *Rockett Will, supra,* the fraud and uncertainty in the record were not discovered until, the appeal time had run. In the instant case, the fraud and uncertainty alluded to in appellant's attempted appeal were known or at least should have been known at the time the will was probated. This being the case, we can perceive no reason for allowing the instant appeal out of time and as such, we find no abuse of the Orphans' Court discretion in refusing to allow appellant to do so.

Decree affirmed. Each party to bear own costs.

MANDERINO, J., did not participate in the decision of this case.