415 A.2d 26

**In re ESTATE of Warren R. KIRKANDER, Deceased.**

**Appeal of Carolyn KIRKANDER and Karen Kirkander.**

Supreme Court of Pennsylvania.

Submitted March 4, 1980.

Decided May 30, 1980.

Douglas E. Weinrich, Douglas G. Linn, II, Mark A. Criss, Linn, Atwell & Associates, Butler, for appellants.

John H. Brydon, Butler, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

OPINION

KAUFFMAN, Justice.

■ This is an appeal from the final decree of the Court of Common Pleas of Butler County, Orphans' Court Division, dismissing as untimely an appeal from the probate of a document purporting to be the last will and testament of Warren R. Kirkander ("decedent").[1] The question presented is whether probate may be attacked on the ground of fraud practiced upon the register of wills after the time fixed by statute for an appeal has run. We answer in the affirmative and, accordingly, reverse and remand for an evidentiary hearing.

On August 24, 1978, almost two years after the alleged will of their father had been admitted to probate,[2] appellants, Carolyn and Karen Ann Kirkander, sought to challenge the determination of the register of wills by commencing an appeal in the Orphans' Court Division. In their petition, appellants asserted, *inter alia*, that: (1) the signature of decedent affixed to the will admitted to probate is a forgery; (2) the signature of one of the witnesses is a forgery; and, in the alternative, (3) execution of the will was secured by undue influence.

A petition to dismiss the appeal was filed by appellee on August 30, 1978, asserting that the one year statute of limitations had passed.[3] After oral argument on the peti-

1. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, as amended, 42 Pa.C.S.A. § 722(3) (Pamph. 1979).

2. Decedent died on August 9, 1976 and his alleged will, dated February 28, 1975, was admitted to probate on August 25, 1976.

3. Section 908 of the Probate, Estates and Fiduciaries Code (hereinafter "P.E.F. Code") provides, in relevant part:
   § 908 Appeals.
   (a) When allowed.—Any party in interest who is aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within one year of the decree . . . . .
   Act of June 30, 1972, P.L. 508, No. 164, § 2, as amended July 9, 1976, P.L. 551, No. 135, § 3, 20 Pa.C.S.A. 908(a) (Supp.1979–80).

tion, the Orphans' Court Division rejected appellants' request for an evidentiary hearing on the forgery issue and dismissed the appeal.

In *Culbertson's Estate*, 301 Pa. 438, 152 A. 540 (1930), we considered the same question here presented and held that where fraud had been practiced upon the register of wills, an appeal could be taken attacking probate after the time fixed by the statute for an appeal had passed. *Id.*, 301 Pa. at 446, 447, 152 A. 540.[4] We recognized that the jurisdiction of the register is limited to a determination of the validity of the paper presented as the will of the deceased, "and, if his action has been induced by fraud, the order following is void and may be set aside (citation omitted)." *Id.*, 301 Pa. at 446, 152 A. at 543.

In considering appellee's petition to dismiss without either a responsive pleading or an evidentiary hearing, the court below was compelled to accept as true appellants' allegation that the will admitted to probate on August 25, 1976 was a forgery, *see Blumer v. Dorfman*, 447 Pa. 131, 289 A.2d 463 (1972); *Unger v. Hampton Township*, 437 Pa. 399, 263 A.2d 385 (1970); *Goldman v. McShain*, 432 Pa. 61, 247 A.2d 455 (1968) (in considering preliminary objections in the nature of a demurrer, the court must accept as true all of the opposing party's well-pleaded allegations), and attack upon a forged document on the ground of fraud is not barred by the statute of limitations. Thus, on the present record, Section 908 of the P.E.F. Code would not bar appellants' challenge and the court below erred in so holding.[5] Accordingly, this matter must be remanded to the Orphans' Court Division for an evidentiary hearing.

4. In *Culbertson's Estate*, this Court approved an attack upon probate of a forged will more than twelve years after the register's determination, despite the fact that the time then fixed by statute for an appeal was two years.

5. Appellants' alternative attack on probate grounded on alleged undue influence is barred by Section 908(a) of the P.E.F. Code. *See In Re Estate of Kiger*, 487 Pa. 143, 409 A.2d 5 (1979).

Decree reversed and case remanded for proceedings consistent with this opinion. Appellee to pay costs.

ROBERTS, J., files a concurring opinion in which FLAHERTY, J., joins.

ROBERTS, Justice, concurring.

I agree that an evidentiary hearing is appropriate and accordingly I join in the mandate of remand. I write separately to clarify what I believe is the meaning of the *Culbertson* case, 301 Pa. 438, 152 A. 540 (1930), on which the majority relies.

In *Culbertson* two brothers forged a document which they later had probated as the will of their mother. On subsequent discovery of this fraud the rightful heirs were permitted to challenge the will, even though the statutory period for appeal of its probate had passed. Admittedly *Culbertson* does suggest that cases of forgery are deserving of some special exception to the usual, already ample period for appeal. And those few cases following *Culbertson* suggest that there is something of a "forgery exception" to the finality afforded by the statutory period. Yet I believe this is only because cases of forgery almost always involve a claim of fraud. In my view it is the claim of fraud, not simply the existence of a possible forgery that is crucial.*

It is well-settled that a claim of fraud will toll the statutory period of limitations. *Deemer v. Weaver*, 324 Pa. 85, 187 A. 215 (1936); see *Schaffer v. Larzelere*, 410 Pa. 402, 405–406, 189 A.2d 267, 269–70 (1963). Although it is not

* Cases after *Culbertson* suggest that once the period for appeal has passed it, should be left to the discretion of the orphans' court whether to permit as a matter of grace claims of forgery. *Roberts' Estate*, 309 Pa. 389, 392, 164 A. 57, 58 (1932) (in cases of forgery appeal may be allowed "in the discretion of the court as a matter ex gratia"); *Miller Will*, 8 Fiduc.Rptr. 494 (Montg. Co. Orph. Ct. 1958); *Lowry's Estate*, 26 Pa.D. & C. 200 (Phila. Co. Orph. Ct. 1936). In the present case the orphans' court did not permit appellant's challenge. Yet the majority does not pause to explain why, if *Culbertson* and its progeny are correct, such a refusal is impermissible. In my view, where fraud is properly alleged, the orphans' court does not have discretion to deny a hearing.

completely clear in the present case that the party who offered for probate the allegedly forged will knew that the will was a forgery and thus was guilty of fraud, such an allegation may be fairly inferred from the pleadings. And I would allow appellants an opportunity to demonstrate that such fraud was perpetrated. On this ground I join in the remand.

Finally, it should be indicated that today's determination in no way forecloses a demonstration that the present appellants, daughters of the testator, are barred by laches from now asserting this claim, or that the rights of third parties would be impermissibly disrupted by a decision revoking the 1976 probate.

FLAHERTY, J., joins in this concurring opinion.