J-A07044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF WILLIAM M. JACKSON, A/K/A WILLIAM MARTIN JACKSON, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| NOREEN SMITH | |
| Appellant | |
| v. | |
| VONDA JACKSON | |
| Appellee | No. 1612 WDA 2014 |

Appeal from the Order Entered September 5, 2014
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): No. 02-11-07085

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 26, 2015**

Appellant, Noreen Smith, appeals from the September 5, 2014 order denying her petition for citation sur appeal from probate and dismissing her notice of appeal from probate.  The instant appeal concerns the rulings of the Department of Court Records, Wills/Orphans' Court Division[1] (Register) and the orphans' court in relation to the Estate of William Martin Jackson, deceased (Decedent).  After careful review, we affirm.

_____

[1] Per the home-rule options adopted by the voters of Allegheny County, the Department of Court Records was created, combining the offices of Prothonotary, Clerk of Courts, Register of Wills, and Recorder of Deeds effective January 7, 2008.

We summarize the procedural history of this case as follows. Appellant is the daughter of Decedent's long-time paramour with whom he lived prior to and at the time of his death. Appellee, Vonda Jackson (Jackson), is a daughter of Decedent and Administratrix of his estate. Decedent died on September 8, 2011. On November 28, 2011, letters of administration for Decedent's estate were issued to Jackson by the Register. Notice of the grant of letters was duly published in the Pittsburgh Post-Gazette and the Pittsburgh Legal Journal. On January 3, 2012, Jackson filed an inheritance tax return, indicating there were no assets in the estate. She also filed a status report pursuant to Orphans' Court Rule 6.12(b), indicating the administration of the estate was complete.[2] No accounting was filed. According to Appellant, on October 16, 2012, she presented Decedent's purported last will and testament to the Register and attempted to file a petition for probate and grant of letters testamentary. The petition was not completed or filed.[3]

On March 19, 2013, Appellant filed a "Petition for Citation to Show Cause Why the Will of [Decedent] Should Not Be Admitted to Probate" with

_____

[2] According to pleadings in this matter, Jackson is pursuing a possible asbestos claim on behalf of the estate. *See* Respondent's Answer and New Matter, 3/28/13, at 3, ¶ 9.

[3] Appellant's petition was not docketed or entered into the record. The partially completed petition was attached as an exhibit to Appellant's brief in support of her petition for citation sur appeal from probate. *See* Appellant's Brief in Support of Her Petition for Citation Sur Appeal from Probate, Exhibit B.

- 2 -

the Register. Jackson filed an answer and new matter on March 28, 2013, averring the proffered will was a forgery. A hearing officer presided over a hearing on the matter on November 12, 2013. On March 17, 2014, the hearing officer found that the will was not authentic and entered an order denying Appellant's petition.[4] On June 3, 2014, Appellant filed a notice of appeal and a petition for citation sur appeal from the Register's March 17, 2014 order. Jackson filed an answer and new matter, asserting, *inter alia*, the appeal is barred by the statute of limitations imposed by 20 Pa.C.S.A. § 908(a).[5] The parties briefed their positions and appeared for argument on

_____

[4] The March 17, 2014 order bore an erroneous caption and a corrected order was entered by the Register on April 17, 2014.

[5] The statute provides as follows.

### § 908. Appeals

**(a) When allowed.--**Any party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within one year of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it. The court, upon petition of a party in interest, may limit the time for appeal to three months.

20 Pa.C.S.A. § 908(a).

- 3 -

August 29, 2014, before the orphans' court.[6]    On September 5, 2014, the orphans' court entered a memorandum opinion and order denying Appellant's petition for citation sur appeal and dismissing her notice of appeal.  Appellant filed a timely notice of appeal on October 6, 2014.[7]

On appeal, Appellant raises the followings issues for our consideration.

> I.    Does the record support the orphans' court notation that the parties agreed to permit the orphans' court "to rule on the matter based upon the record" from the hearing held before the register of wills' hearing officer and "the filing of additional briefs on behalf of the parties[]"[?]
>
> II.    Did the orphans' court err in dismissing Appellant[]'s appeal from the register of wills, based on its finding that Appellant[]s' intitial [sic] challenge to the register of wills' grant of letters to [] Appellee[] was untimely, where no hearing was permitted on Appllellent[]'s [sic] counter[-]allegation as to fraud[?]

_____

[6] The transcript of the August 29, 2014 argument having been received by this Court as part of the certified record, Appellant's motion to make the same part of the reproduced record is granted, and the copy attached to Appellant's motion shall be deemed part of the reproduced record.

[7] October 5, 2014, the thirtieth day following the orphans' court's order of dismissal was a Sunday.  The notice of appeal, being filed on Monday, October 6, 2014 is therefore timely.  ***See generally*** 1 Pa.C.S.A. § 1908.

We further note, although not ordered to do so, Appellant filed a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) contemporaneously with her notice of appeal.  On October 9, 2014, the orphans' court entered an order in accordance with Rule 1925(a), adopting its September 5, 2014 memorandum opinion as expressing the reasons for its ruling.

III. Did the orphans['] court err in finding that Appellant[] was not a "party in interest" within the meaning of Pennsylvnia's [sic] Decedants [sic], Estates and Fiduciary Code?

IV. Did the orphans' court err in denying [] Appellant[] a trial *de novo* on those matters brought up on appeal from the order of the register of wills denying her attempt to enter into probate the will of Decedent[?]

Appellant's Brief at 5.

In general, our review of orphans' court decisions is one of deference.

When an appellant challenges a decree entered by the Orphans' Court, our standard of review requires that we be deferential to the findings of the Orphans' Court.

[We] must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*In re Estate of Wilner*, 92 A.3d 1201, 1206 (Pa. Super. 2014) (internal quotation marks and citations omitted).

We elect to first address Appellant's second issue, as we deem it dispositive of this appeal. Appellant does not contest that her March 19, 2013 petition for citation to show cause was filed more than one year from the Register's November 28, 2011 grant of letters of administration to

- 5 -

Jackson. Appellant notes, however, that Jackson did not assert the Section 908(a) statute of limitation until after the hearing officer's decision, in response to her petition for citation sur appeal. Appellant's Brief at 14. At that time, Appellant countered with an allegation of fraud, which she claims would toll the statute of limitations. *Id.* Appellant avers the orphans' court erred in failing to hold a hearing to allow her to prove the fraud claim and therefore the timeliness of her challenge. *Id.*

> In response[to Jackson's statute of limitations defense], [Appellant] then plead fraud on the part of [] Jackson, based upon her fraudulent claim that she made a proper search for the [w]ill at issue. The fraud would toll the apparently applicable statute, 20 Pa.C.S. § 908, thus making [Appellant's] challenge to the [g]rant of [l]etters timely. The [o]rphans' [c]ourt then reviewed the record and made its finding that "no credible evidence was presented that Administratrix committed fraud." But no evidence of fraud was attempted to be introduced in front of the Hearing Officer because timeliness had not been previously plead by [] Jackson.

*Id.*

With respect to this issue, we note the following additional standard of review. "[W]hether the statute of limitations has run on a claim is generally a question of law for the trial judge. … Additionally, the interpretation and application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." ***Wilson v. Transp. Ins. Co.***, 889 A.2d 563, 570 (Pa. Super. 2005) (internal quotation marks and citations omitted).

Instantly, Appellant claims Jackson committed fraud upon the Register by falsely acknowledging in her petition for grant of letters of administration that she "after proper search has[] ascertained that Decedent left no Will." Appellant's Brief at 15, *quoting* Jackson's Petition for Probate and Grant of Letters, 11/28/11, at 1, Part B. "The law is clear that fraud or deceit tolls the statute of limitations until such time as the fraud has been discovered by the exercise of due diligence." *J.J. DeLuca Co., Inc. v. Toll Naval Assocs.*, 56 A.3d 402, 412 (Pa. Super. 2012), *quoting* *Rothman v. Fillette*, 469 A.2d 543, 546 n. 3 (Pa. 1983) (citations omitted). "The burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is upon the asserting party." *Lange v. Burd*, 800 A.2d 336, 339 (Pa. Super. 2002), *appeal denied*, 818 A.2d 504 (Pa. 2003), *citing* *Nesbitt v. Erie Coach Co.*, 204 A.2d 473 (Pa. 1964). "Allegations must be specific in order to compel the court to conduct a hearing." *In re Estate of Karschner*, 919 A.2d 252, 256 (Pa. Super. 2007) (citation omitted).

> For the doctrine of fraudulent concealment to be applicable, [a] defendant must have committed some affirmative independent act of concealment upon which [a] plaintiff[] justifiably relied. There must exist a duty to speak before fraudulent concealment can be found. Mere silence in the absence of a duty to speak cannot suffice to prove fraudulent concealment.

*Krapf v. St. Luke's Hosp,*, 4 A.3d 642, 650 (Pa. Super. 2010) (internal quotation marks and citations omitted).

Assuming for the sake of argument that Jackson did not properly ascertain whether or not a will existed despite her acknowledgment, we nevertheless conclude Appellant failed to assert how she relied upon such lapse in delaying the filing of her challenge. *See id.* Appellant claims she was aware of the existence of Decedent's will from the date of its purported signing. Jackson's grant of letters of administration was of public record, and notice of the grant of letters was duly published in a timely fashion. Because Appellant was not an intestate heir, Jackson, as administratrix of Decedent's estate, was not required to give Appellant personal notice. *See* Pa.O.C.R. 5.6 (prescribing requirements for notice of estate administration to beneficiaries and intestate heirs). Appellant was aware of Decedent's death and Decedent's natural family. Indeed, Appellant claims she attempted to probate the will in October 2012. The orphans' court observed, "[a]lthough [Appellant] attempted to probate the alleged Will in October 2012, which would have been within the one year time period, inexplicably, she did not file the Petition for Citation to Show Cause Why the Will of [Decedent] Should Not be Admitted to Probate until March 2013." Orphans' Court Opinion, 9/4/14, at 3.

*In re Kirkander's Estate*, 415 A.2d 26 (Pa. 1980), cited by Appellant for the proposition that an allegation of fraud practiced on the register of wills may toll the statute of limitation, is distinguishable. *See generally* Appellant's Brief at 15. *In re Kirkander's Estate* involved a challenge to a

will that had been probated and was alleged to be a forgery. *Kirkander's Estate*, *supra* at 51.

> "[W]here fraud had been practiced upon the register of wills, an appeal could be taken attacking probate after the time fixed by the statute for an appeal had passed. We recognized that the jurisdiction of the register is limited to a determination of the validity of the paper presented as the will of the deceased, and, if his action has been induced by fraud, the order following is void and may be set aside."

*Id.* at 27-28, *quoting* **In Culbertson's Estate**, 152 A. 540, 543 (Pa. 1930).

In this case, relative to the petition for grant of letters of administration, the validity of a document or "paper presented" is not questioned. No forgery of a document connected to Jackson's petition is alleged here, and Appellant, at all times, claimed knowledge of the existence of the disputed will, if it indeed existed. Consequently, *Kirkander's Estate* does not apply.

In light of the foregoing, we conclude Appellant has failed to allege fraud, which even if proved, would not toll the time limitation for challenging the Register's grant of letters testamentary prescribed by Section 908(a). Accordingly, we conclude the orphans' court did not err in dismissing Appellant's citation sur appeal from probate as violative of Section 908(a)'s one-year time limitation without conducting a hearing on Appellant's fraud

allegation.[8]    We therefore affirm the orphans' court's September 5, 2014 order dismissing Appellant's appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/2015

---

[8]  In light of our resolution of Appellant's second issue, we need not address her remaining questions on appeal.

- 10 -