J-A15041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF QUEEN E. HERSH, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: PENELOPE VERONIKIS | No. 2616 EDA 2015 |

Appeal from the Order Entered August 3, 2015
in the Court of Common Pleas of Lehigh County
Orphans' Court at No(s): 2009-102

BEFORE: FORD ELLIOTT, P.J.E., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 18, 2016**

Penelope Veronikis ("Appellant") appeals from the August 3, 2015 order of the Lehigh County Court of Common Pleas denying her filing entitled "Appeal Under Section 908 of the Probate, Estates and Fiduciaries Code from the Grant of Letters of Administration to Permit Probate of Illegally and Wrongfully Destroyed Will and Issuance of Letters Testamentary to Penelope Veronikis" ("Probate Appeal"). After careful review, we affirm.

Prior to the summer of 2008, Queen E. Hersh ("Decedent") appointed Appellant as her power of attorney and created a will that named Appellant as the sole beneficiary of her estate. In the summer of 2008, Decedent discovered Appellant and two other individuals had abused the power of

attorney, had stolen over $200,000.00, and had placed a $50,000.00 mortgage on Decedent's home.[1] Decedent immediately contacted attorney Karl F. Longenbach, who, on the direction of Decedent, drafted a revocation of the power of attorney.

Additionally, Decedent's then-existing will, dated January 11, 2007 ("the January 2007 Will"), named Appellant as the sole beneficiary. Attorney Longenbach requested the January 2007 Will from the scrivener,[2] who forwarded the original to him in November 2008.

Pursuant to Decedent's express instruction contained in a letter from Decedent to Attorney Longenbach, Attorney Longenbach and his paralegal, Amy Shupp, destroyed the January 2007 Will upon receipt, intending to accomplish Decedent's stated desire of revocation of the January 2007 Will.[3]

---

[1] Neither Appellant nor the other individuals made any payments on the mortgage. Decedent became aware of the deception when she received a mortgage foreclosure complaint filed by a lender regarding the mortgage.

[2] Attorney Gary Brienza was the scrivener. Upon receipt of the request, Attorney Brienza requested a signed release from Decedent. Decedent complied, and Attorney Brienza forwarded the original January 2007 Will directly to Attorney Longenbach, as directed.

[3] Ms. Shupp accomplished the destruction by tearing the original January 2007 Will in half. Attorney Longenbach's office retained a photocopy of the January 2007 Will that indicated it was for informational purposes only, and that the original had been destroyed in accordance with Decedent's instructions.

On the morning of December 10, 2008, the day she was scheduled to execute a new will, Decedent suffered a stroke and passed away without executing the new will. On January 20, 2009, the Lehigh County Register of Wills filed a decree granting Letters of Administration to Cynthia A. Ciocco ("Probate Decree") pursuant to a Petition for Probate and Grant of Letters filed by Attorney Longenbach.[4]

In August 2011, following a Grand Jury investigation in the previous year, police brought criminal charges[5] against Appellant based on her financial exploitation of Decedent for the two year period between the death of Decedent's sister (who was Decedent's caretaker) and Decedent's discovery of the defaulted mortgage on her property.[6]  Ms. Shupp testified

---

[4] An affidavit filed with the probate petition attested that a proper search had been performed and that Decedent had died intestate without surviving heirs.

[5] The charges included, *inter alia*, dealing in the proceeds of illegal activities, 18 Pa.C.S. § 5111(a)(2); theft by unlawful taking, 18 Pa.C.S. § 3921(a); theft by deception, 18 Pa.C.S. § 3922(a)(1); theft by failure to make required disposition of funds, 18 Pa.C.S. § 3927(a); and conspiracy to commit dealing in the proceeds of illegal activities, 18 Pa.C.S. §903(c).

[6] Hristos Dimou and Barbara Paxos were Appellant's co-defendants in the criminal trial and appeal.  The facts of the criminal matter are summarized as follows: Dimou owned a diner where Decedent's 80-year old sister, Ella, who was also Decedent's caretaker, worked.  When Ella became sick, she expressed concern to Dimou that Decedent would be left without someone to care for her.  Dimou told Ella that he would take care of Decedent.  When Ella died, Dimou put Appellant, his wife, in charge of Decedent's well-being.  Decedent then gave Appellant a POA and made the January 2007 Will naming Appellant as the sole beneficiary.  Appellant promptly sold one of
*(Footnote Continued Next Page)*

and described the manner of the destruction of the January 2007 Will at Appellant's preliminary hearing in the criminal matter, which Appellant attended with counsel.[7]

On September 11, 2013, Appellant filed the Probate Appeal challenging the January 20, 2009 Probate Decree. The Probate Appeal alleged the January 2007 Will had been improperly destroyed, in that it had been torn apart outside the presence of the testator. Appellant further requested the lower court probate a photocopy of the January 2007 Will that named Appellant as Decedent's sole beneficiary.

Appellant's criminal trial commenced on October 9, 2013. On October 17, 2013, a jury found Appellant guilty in the criminal case.[8]

On October 30, 2013, Cynthia A. Ciocco filed her Answer and New Matter in response to Appellant's Probate Appeal. The lower court conducted a hearing and heard argument on the Probate Appeal on November 17, 2014 and December 11, 2014. On March 6, 2015, the lower court entered an

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Decedent's properties and used the proceeds for her own ends, chiefly plastic surgery. Co-defendant Paxos is Appellant's daughter.

[7] The destruction of the January 2007 Will was also described in letters dated December 16 and December 19, 2008, which were introduced into evidence at Appellant's Grand Jury proceedings.

[8] On January 9, 2014, the trial court sentenced Appellant to 32 months to 27 years' incarceration. This Court affirmed Appellant's and her co-defendants' judgments of sentence on January 29, 2016. **See Commonwealth v. Veronikis**, 2031 EDA 2014 (unpublished memorandum).

order denying the Probate Appeal as untimely filed and disallowing the probate record to be opened to permit a photocopy of the January 2007 Will to be probated.

On March 24, 2015, Appellant filed exceptions to the March 6, 2015 order. The lower court conducted argument on the exceptions on May 18, 2015. On August 3, 2015, the lower court entered a final order denying Appellant's exceptions. Appellant filed a timely notice of appeal on August 25, 2015. The trial court filed its Pa.R.A.P. 1925(a) opinion on October 5, 2015.

Appellant raises the following claim for review:

1. Was Appellant['s] [a]ppeal from the Register of Wills timely filed under a judicial exception to the time within which to appeal from grant of Letters of Administration since counsel for the Administrator knowingly and improperly withheld information from Appellant [] and the Register of Wills regarding the manner in which [] [D]ecedent's Will was "destroyed" by counsel and his assistant, which actions do not constitute a proper revocation of [] [D]ecedent's Will?

Appellant's Brief, p. 4.

Our scope and standard of review on appeal from a decree of the Orphans' Court adjudicating an appeal from probate is as follows:

In a will contest, the hearing judge determines the credibility of the witnesses. The record is to be reviewed in the light most favorable to appellee, and review is to be limited to determining whether the trial court's findings of fact were based upon legally competent and sufficient evidence and whether there is an error of law or abuse of discretion. Only where it appears from a review of the record that there is no evidence to support the court's findings or that there is a capricious disbelief of evidence may the court's findings be set aside.

- 5 -

*In re Bosley*, 26 A.3d 1104, 1107 (Pa.Super.2011) (internal quotation and citation omitted).

Appellant claims the lower court erred in determining the Probate Appeal was untimely. *See* Appellant's Brief, pp. 12-18. She is incorrect.

The Probate, Estates and Fiduciaries Code requires that probate challenges must be commenced within one year, as follows:

**§ 908. Appeals**

**(a) When allowed.--**Any party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within one year of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it. The court, upon petition of a party in interest, may limit the time for appeal to three months.

20 Pa.C.S. § 908. One exception exists when an appeal may be taken after the time fixed by the statute has passed: where a fraud has been perpetrated upon the Register of Wills. *See Dempsey v. Figura*, 542 A.2d 1388, 1390-91 (Pa.Super.1988) ("The only situation permitting us to set aside the statutory period for filing such an appeal occurs in cases where there has been a fraud on the court or the Register of Wills."); *see also In re Kirkander's Estate*, 415 A.2d 26, 27 (Pa.1980) (appeal allowed two years after probate in case of forgery); *see also In re Culbertson's Estate*, 447, 152 A. 540, 543 (Pa.1930) (appeal allowed 12 years after probate in case of forgery).

Here, Appellant filed the Probate Appeal on September 11, 2013, nearly five years after the Register of Wills' January 20, 2009 decree granting Attorney Longenbach's Petition for Probate and Grant of Letters. Appellant claims, however, that she is excused from the Section 908 one-year time limitation because Decedent's January 2007 Will was improperly revoked. She claims she only learned of the January 2007 Will's improper revocation in July of 2013, when her new criminal attorney explained to her that the January 2007 Will was not destroyed in accordance with the Probate, Estates and Fiduciaries Code.[9]  **See** Appellant's Brief, p. 9. She alleges the improper revocation of the January 2007 Will amounts to a fraud upon the Register of Wills.  **See id.** at 14-18. We do not agree.

Appellant received notice of the circumstances and manner of the January 2007 Will's destruction multiple times throughout her protracted Orphans' Court and Criminal Court proceedings. First, the method of destruction was explained in two letters sent between Attorney Longenbach and the January 2007 Wills' scrivener in December 2008 describing the

---

[9] The Probate, Estates and Fiduciary Code requires that, for a will to be revoked by an act to the document, it must be "burnt, torn, canceled, obliterated, or destroyed, with the intent and for the purpose of revocation, by the testator himself *or by another person in his presence and by his express direction*." 20 Pa.C.S. § 2505(3) (emphasis provided). The parties agree that Attorney Longenbach and his assistant Ms. Shupp improperly revoked the January 2007 Will by destroying it outside Decedent's presence, albeit at her direction, upon receipt of the original from the scrivener.

destruction of the will, which letters were entered into evidence in the 2010 Grand Jury proceedings against Appellant. Second, the transcript of the Grand Jury testimony, during which Ms. Shupp testified about the details of the January 2007 Will's destruction, was made available to Appellant on November 1, 2011. Third, Ms. Shupp again testified about the destruction of the January 2007 Will by herself and Attorney Longenbach outside the presence of Decedent at Appellant's December 19, 2011 criminal preliminary hearing,[10] at which Appellant was present. From these disclosures, Appellant and her counsel either knew, or should have known through the exercise of reasonable diligence, the circumstances surrounding the destruction of the January 2007 Will.[11]

Additionally, Appellant's argument that neither she nor counsel recognized the legal significance of Ms. Shupp's testimony until August

_____

[10] At the December 19, 2011 preliminary hearing, Ms. Shupp testified as follows:

> Q: . . . do you know when you destroyed the [January 2007 W]ill, was it soon after you received it from [the scrivener]?

> A: Yes. We received it in the office, Attorney Longenbach and myself. We made that, we made that notation on it and then we ripped it in half.

[11] This point is validated by the fact that Appellant's later criminal counsel **actually did** discover the circumstances surrounding and legal issues with the destruction of the January 2007 Will by reviewing the very same documents in August 2013.

2013, when she retained a new attorney who reviewed Ms. Shupp's testimony, is unpersuasive. As the lower court explained:

> At the time of [Decedent's] death on December 10, 2008, [Appellant] knew that the January 2007 Will, under which she was the sole beneficiary, had been "destroyed" in anticipation of [Decedent's] intention to write a new will, but that no later dated will had been offered or admitted to probate. While that information alone may arguably have been insufficient to warrant the filing of an appeal from the grant of letters of administration within one year of the Register of Wills Decree, when coupled with the information about the manner of the January 2007 Will's destruction which was available to her in December 2011 [following her criminal preliminary hearing], [Appellant] had sufficient information upon which to take action by filing an appeal. However, despite this information, [Appellant] did not file her appeal until September 2013, almost two years after she could have done so. This [c]ourt remains convinced that [Appellant's] failure to challenge the issuance of letters of administration and seek to probate a photocopy of the January 2007 Will until September[] 2013 cannot be excused due to claimed ignorance of the legal significance of information available to her and her lawyers in December[] 2011.

1925(a) Opinion, pp. 3-4.

Finally, the trial court found unpersuasive Appellant's argument that Attorney Longenbach's filings in the Register of Will amounted to fraud. As the lower court explained:

> Moreover, [Appellant's] contention that Attorney Longenbach's filing of a petition for letters of administration alleging that [Decedent] died intestate constituted a fraud upon the Register of Wills sufficient to extend the period during which an appeal can be filed pursuant to § 908 is not persuasive. Rather, we find that Attorney Longenbach was similarly unaware that the manner in which he and his paralegal destroyed the January 2007 [W]ill was not statutorily compliant.

1925(a) Opinion, p. 4 (internal citation omitted).  The lower court did not err in so finding.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/18/2016