492 A.2d 1155

**ESTATE OF Lora M. COLUCCI.**

**Appeal of William COLUCCI, Individually, and William A. Colucci, As Administrator of the Estate of Ada N. Colucci, Deceased.**

Superior Court of Pennsylvania.

Argued Oct. 18, 1984.

Filed May 17, 1985.

350

John J. Hovan, Tunkhannock, for appellants.

Raymond C. Davis, Susquehanna, for appellee.

Before WIEAND, DEL SOLE and POPOVICH, JJ.

DEL SOLE, Judge:

This case results from the Common Pleas Court's refusal to allow an appeal from the granting of letters and admission to probate of the Estate of Lora Colucci. Appellant's claim was found to be untimely, under 20 Pa.C.S.A. 908(a), filed the 366th day following the Register of Wills admitting the will into probate.

The facts as set forth by the Common Pleas Court are:

Decedent died on March 4, 1981; a will dated October 12, 1978 was duly admitted to probate in the Register of Wills Office ... on March 10, 1981. Letters were granted to Louise Benson on March 10, 1981. On May 4, 1981, the Appellant, William Colucci, brother of the decedent, through one of his attorneys, John J. Hovan, Esquire, notified the attorney for the estate that he intended to file two claims against the estate: one for personal property and one for real estate of which decedent died seized.

Appellant took out letters of administration in the estate of his mother, Ada N. Colucci, who died intestate on March

31, 1978, and who had lived with the decedent, Lora Colucci. Letters were issued in the Ada Colucci estate of March 8, 1982.

Pursuant to 20 Pa.C.S.A. § 908(a), Appellant filed a notice of appeal, both as an individual and as administrator of his mother's estate. The notice was dated March 11, 1982, and alleged fraud, forgery and undue influence.

Appellant maintains that because he alleged fraud, forgery and undue influence in his notice of appeal, the statutory limit of one year should not apply.

The trial court relied on *Bunce v. Galbrath,* 268 Pa. 389, 112 A. 143 (1920), where the Pennsylvania Supreme Court said:

"Where a last will has been admitted to probate, the legal presumption at once arises that the will so probated is a last will, and is the free and voluntary expression of the testator, of sound and disposing mind and understanding, as to the disposition the testator desired to make of his property upon his death. Where the decree of the register is unappealed from within the period allowed for such appeal, the legal presumption becomes conclusive, and it makes an end to questions passed upon, or within the jurisdictional power of the register of consider, touching the validity of the will." *Bunce v. Galbrath,* 268 Pa. 389, 392, 112 A. 143 (1920). *See also, Estate of Shelly,* 463 Pa. 430, 345 A.2d 596 (1975).

■ The Court, however, held in *Culbertson's Estate,* 301 Pa. 438, 152 A. 540 (1930), that where fraud was practiced upon the Register of Wills, an appeal was permissible after the statutory period had passed. A will that was forged would be a fraud upon the Register of Wills and would affect his jurisdiction to grant letters on that will. Alternatively, the Court refused to allow a similar appeal based on undue influence where it was determined, under *Bunce,* that this fraud was known or should have been known during the statutory period. *In Re Estate of Kiger,* 487 Pa. 143, 409 A.2d 5 (1979). Appellant's claim of undue influ-

ence, therefore, would not withstand the running of the statutory period.

`Appellant specifically relies on *In Re Estate of Kirkander*, 490 Pa. 49, 415 A.2d 26 (1980), where the Court permitted an appeal based on the alleged forgery of a will after the statutory period had run. The Court accepted all of the opposing party's well-pleaded allegations as being true and found that the "attack upon a forged document on the ground of fraud is not barred by the statute of limitations." *Kirkander*, 490 Pa. at 52, 415 A.2d at 28. Accordingly, that Court remanded for an evidentiary hearing on the existence of fraud in the presenting of a forged will to the Register.

■ The trial court dismissed the Notice because although fraud, and forgery were alleged and would toll the statute, nothing was specified in the notice to substantiate the claim. We are inclined to remand for an evidentiary hearing on the issue of forgery of the will and fraud practiced on the Register in presenting the will as authentic. We cannot determine from the Notice whether Appellant alleges that there was a forgery of the will admitted to probate amounting to fraud on the Register of Wills sufficient to toll the one-year statute of limitations. Accordingly, we must remand to afford Appellant the opportunity to amend his Notice specifying his allegations and for an appropriate evidentiary hearing on the existence of forgery in the signature of the will admitted to probate.

*Reverse and remand for proceedings consistent with this opinion.*

Jurisdiction relinquished.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

I cannot join in what amounts to a pro forma reversal and remand by the Majority of the Orphans' Court's dismissal

of appellant's appeal of the Register of Will's probate of Lora M. Colucci's Will.

Despite the appropriateness of the procedure followed by appellant in appealing to the Orphans' Court from the Register's actions, I would find that the Majority acts precipitously in remanding solely on appellant's bald allegation that the "appeal w[as] ... based on undue influence, fraud and forgery." This is especially so in the absence of any pleadings, interrogatories or depositions accompanying or preceding the filing of the notice.

As noted by the Majority, our Supreme Court in *In re Estate of Kirkander,* 490 Pa. 49, 415 A.2d 26 (1980) accepted as true appellants' allegation that a Will admitted to probate was a forgery, and, therefore, reversed and remanded for an evidentiary hearing on such a claim. However, of importance in Kirkander, which seems to be glossed over by the Majority here, is the fact that the appeal to the Orphans' Court was accompanied by a petition in which appellants asserted that the signatures of the testator and a witness were forgeries. It is in this context that our Supreme Court wrote:

> In considering appellee's petition to dismiss without either a responsive pleading or an evidentiary hearing, the court below was compelled to accept as true appellants' allegation that the [W]ill admitted to probate ... was a forgery, *see Blumer v. Dorfman,* 447 Pa. 131, 289 A.2d 463 (1972); *Unger v. Hampton Township,* 437 Pa. 399, 263 A.2d 385 (1970); *Goldman v. McShain,* 432 Pa. 71, 247 A.2d 455 (1968) (in considering preliminary objections in the nature of a demurrer, *the court must accept as true all of the opposing party's well-pleaded allegations* ), and attack upon a forged document on the ground of fraud is not barred by the statute of limitations. Thus, *on the present record,* Section 908 of the P.E.F. Code would not bar appellants' challenge and the court below erred in so holding. Accordingly, this matter must be remanded to the Orphans' Court Division for an evidentiary hearing.

490 Pa. at 52, 415 A.2d at 28 (Footnote omitted) (Emphasis added).

Instantly, unlike in *Kirkander*, the party attacking the Will nowhere asserts the basis for his fraud and forgery allegations, i.e., whether the signature of the testatrix or that of either subscribing witness is forged. Instead, Colucci's counsel neglects to give one any insight as to the *substance* of the claims.

Just as a defendant in a criminal context, when represented by counsel, waives his right to complain about a particular ruling by a court if assailed in a "boiler-plate" fashion, *see Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Holmes*, 315 Pa.Super. 256, 461 A.2d 1268 (1983) (en banc), so too does a litigant on the civil side loose his right to assault the propriety of a ruling where his claim fails to allege with specificity the gravamen of his complaint. *See, e.g., Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). To hold otherwise will invite practitioners to dispense with the submission of concise and *substantive* pleadings and/or petitions herein expected by the judiciary at all levels of appeals. Also, any laxity in this requirement might be the harbinger of an era as to pleadings which for so long plagued the criminal area, *see Commonwealth v. Santana*, 321 Pa.Super. 299, 468 A.2d 488 (1983) (POPOVICH, J.), and necessitated a host of exceptions to be carved out by the courts in an effort to preserve for review issues technically waived under settled law. *Id.* Finally, this amalgam of cases and exceptions was laid to rest in Chief Justice Eagen's lead opinion in *Commonwealth v. Gravely*, 496 Pa. 194, 404 A.2d 1296 (1979).

I seek to avoid such a web of procedural entanglement by simply holding that appellant's "boiler-plate" allegations of fraud and forgery, left unsubstantiated, fall short of preserving an attack on the probate of Lora M. Colucci's Will. Thus, I would affirm the holding of the Orphans' Court.