IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 5, 2004 Session

## PATRICIA HENDERSON JOLLEY, ET AL. v. WANDA K. HENDERSON

**Appeal from the Chancery Court for Hamilton County**
**No. 01-0723     Howell N. Peoples, Chancellor**

_____

**No. E2003-01406-COA-R3-CV - FILED JUNE 29, 2004**

_____

This is a will contest case. Patricia Henderson Jolley and Howard E. Henderson, Jr. (collectively "the Contestants") appeal the chancery court's judgment that they do not have standing to contest their father's will.[1] The Contestants contend that the chancery court erred in addressing the issue of their standing and in other ways. They argue that their stepmother, Wanda K. Henderson ("the Executrix"), failed to raise the standing issue and, as a consequence, waived it. They also rely on alleged procedural errors and contend that they do have standing. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

James B. Johnson, Nashville, Tennessee, and Kevin B. Wilson, Chattanooga, Tennessee, for the appellant, Patricia Henderson Jolley.

Harry K. Hays, Chattanooga, Tennessee, for the appellant, Howard E. Henderson, Jr.

Robin L. Miller, Chattanooga, Tennessee, for the appellee, Wanda K. Henderson.

**OPINION**

I.

Howard E. Henderson, Sr. ("the Testator") died on July 10, 1999, at the age of 74. The Testator left behind a will dated May 21, 1998 ("the 1998 will"), and four prior wills dated as follows: May 15, 1997 ("the 1997 will"); April 26, 1985 ("the 1985 will"); March 30, 1977 ("the 1977 will"); and June 14, 1975 ("the 1975 will"). The last will in time and the 1997 will do not

_____

[1]Christine Ann Henderson, a third sibling, is not a party to this case.

leave any property to the Contestants. The 1975, 1977, and 1985 wills each bequeath $10 to each of the Testator's children.

Five days after the Testator's death, the Executrix filed a petition in Part 2 of the Hamilton County Chancery Court ("the Probate Court"), seeking to probate the 1998 will in common form. Part 2 has been vested with probate jurisdiction in Hamilton County since the enactment by the General Assembly of Chapter 201, Public Acts of 1955. The Probate Court entered an order the next day admitting the 1998 will to probate. On August 15, 1999, the Executrix filed a new petition, seeking to probate the 1998 will in solemn form. Nearly three months later, the plaintiff, Howard E. Henderson, Jr., appearing *pro se*, filed an objection to the Executrix's petition.

On November 29, 1999, the Probate Court entered a judgment admitting the 1998 will to probate in solemn form. Mr. Henderson then filed a notice of appeal to the Court of Appeals. Approximately eight months later, on July 20, 2000, the plaintiff, Patricia Henderson Jolley, filed a Rule 60.02[2] motion in the Probate Court, seeking to set aside the judgment admitting the 1998 will to probate in solemn form.

On August 10, 2000, the Executrix filed a response in the Probate Court, contending that the Rule 60.02 motion should not be granted because, according to the response, Tennessee law has established that a trial court does not have jurisdiction to hear a Rule 60 motion while an appeal is pending.[3] The Probate Court agreed and entered an order denying the motion on the ground that it was "without jurisdiction to entertain such a motion as this matter is on appeal [to] the Eastern Section of the Court of Appeals." In response, Ms. Jolley filed a motion with this court requesting that we remand the case to the trial court so she could pursue her Rule 60.02 motion there. On December 8, 2000, we granted her motion. On April 4, 2001, the Executrix filed a second response in the Probate Court, this time contending that Ms. Jolley did not have standing to contest the Testator's will.

On June 14, 2001, the Probate Court held a hearing on Ms. Jolley's Rule 60.02 motion. The Probate Court apparently granted the motion that day because Ms. Jolley filed a notice of contest the same day, and Mr. Henderson filed a notice of contest the following day. Ms. Jolley then filed a complaint to contest, contending that the purported will was, *inter alia*, "the product of undue influence." On June 20, 2001, the Probate Court entered its order, stating that it granted the Rule 60.02 motion "because of the existence of excusable neglect." The Probate Court, in a separate order, transferred the case to Part 1 of the Hamilton County Chancery Court for trial of the will contest.

---

[2]As pertinent to the facts of this case, Tenn. R. Civ. P. 60.02 provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . .

[3]The Testator relied on the case of *Spence v. Allstate Insance Co.*, 883 S.W.2d 586, 596 (Tenn. 1994).

A week later, the Executrix filed in the Probate Court a motion to dismiss and/or for summary judgment "based [up]on [the] Contestants' lack of standing to contest" the 1998 will. Ms. Jolley subsequently filed an amended complaint to include an additional averment that the 1997 will was also invalid due to the Executor's alleged undue influence.

On August 22, 2001, the Chancery Court, Part 1, determined that the Probate Court was the appropriate court to make a determination regarding the issue of standing. It decreed as follows:

> Therefore, in view of the foregoing, it is hereby ORDERED that the Motion for Summary Judgement filed by Mrs. Henderson, the Executrix, is REMANDED to the Probate Division of the Chancery Court for Hamilton County so that the Probate Court can make a determination of whether the contestants, Ms. Jolley and Mr. Henderson, Jr., have standing to proceed with their Will Contest.

On September 19, 2001, the Executrix filed a motion in the Probate Court requesting that the court act on her motion for summary judgment. Ms. Jolley filed a response to the Executrix's motion, contending that the motion should be denied because, in the language of the response:

> 1. The [Executrix] has never filed a motion for summary judgment in this Court;
>
> 2. The Probate Court's jurisdiction over this case terminated when its Order to the case to Chancery Court became final on July 21, 2001; and
>
> 3. Jurisdiction has not been re-conferred in this Court in accordance with Rule 60 of the Tennessee Rules of Civil Procedure.

Over a year-and-a-half later, on April 23, 2003, the Honorable Howell N. Peoples, the Hamilton County Chancellor who presides over Part 2 of the Chancery Court, which, as previously noted, is the Probate Court, entered an order on the Executrix's motion to dismiss and/or for summary judgment, incorporating by reference his memorandum opinion filed January 7, 2003. In the order, Chancellor Peoples granted the Executrix's motion "due to the Contestants' lack of standing to contest the will" of their father. In the memorandum opinion, Chancellor Peoples found that

> [i]t is undisputed that [the Contestants] take nothing under the will dated May 21, 1998, which they seek to contest. It is also undisputed that [the Contestants] take nothing under the will of [the Testator] dated May 15, 1997. It is also undisputed that [the Contestants] receive only $10.00 each under the earlier wills of [the Testator] dated April 26, 1985, March 30, 1977, and June 14, 1976.

Under the undisputed facts, [the Contestants] would take nothing under the prior will of [the Testator] dated May 15, 1997, which would govern the distribution of the estate if the contested will were held to be invalid.

Both the April 23, 2003, order and the January 7, 2003, memorandum opinion indicate that the decrees are those of "Part 1" of the Chancery Court, rather than Part 2, the Probate Court.

## II.

The Contestants raise the following issues:

1. Did the Executrix waive her right to raise the issue of the Contestants' standing to challenge the 1998 will?

2. Did the Chancery Court, Part 1, have jurisdiction to remand the subject will contest case to the Probate Court so the latter court could rule on the issue of the Contestants' standing?

3. Did the Probate Court have jurisdiction on remand to address the issue of the Contestants' standing?

4. Did the Contestants lack standing to challenge the 1998 will?

The issues raised by the Contestants present questions of law. Hence, our review is *de novo* on the record below with no presumption of correctness attaching to the trial court's decision. ***Southern Constructors, Inc. v. Loudon County Bd. of Educ*.,** 58 S.W.3d 706, 710 (Tenn. 2001).

## III.

## A.

The first issue raised is whether the Executrix waived her right to raise the issue of standing. The Contestants argue that "the issue of standing was not properly raised in the Probate Court while it had jurisdiction over the case." We disagree. On April 4, 2001, the Executrix filed a response in the Probate Court to the Contestants' then-pending Rule 60.02 motion, contending that the Contestants lacked standing to contest the 1998 will. The order transferring the case to Part 1 of Chancery Court was not entered until June 20, 2001, nearly three months *after* the Executrix raised the issue of standing in her response. From all of this, we conclude that the Executrix properly raised the issue of standing in the Probate Court. It is clear that, while this case was still pending in the Probate Court, the Contestants were put on notice that their standing was being challenged.

B.

The next issue raised is whether the Chancery Court, Part 1, had jurisdiction to remand the will contest case to the Probate Court for the purpose of giving that court an opportunity to rule on the issue of standing.

In ***Rassas v. Schaefer***, C/A No. 89-266-II, 1990 WL 263 (Tenn. Ct. App. M.S., filed Jan. 5, 1990), the probate court failed to rule on the issue of whether the contestant had standing to contest the will. ***Id.*** at \*7. Instead, the probate court consolidated "the issues of standing to contest and validity of all three wills" and certified the case to the circuit court. ***Id.*** at \*9. The Court of Appeals in ***Rassas*** found that the probate court failed to follow the correct procedure, finding that "[t]he question of standing should have been decided by the [p]robate [c]ourt."

The Contestants in the instant case argue that "[t]he Probate Court lost its original jurisdiction over the matter and because the Executrix did not contest standing in the Probate Court, the Executrix may only obtain relief from the Transfer Order under [Tenn. R. Civ. P. 60]." Thus, the Contestants contend that Chancery Court, Part 1, erred when it remanded the case because the Executrix "waived" her right to attack standing.

We disagree with the Contestants' argument and assessment of the procedural history in the instant case. We remanded this case to afford Ms. Jolley an opportunity to pursue her Rule 60.02 motion. In response to the Rule 60.02 motion, the Executrix filed a response in the Probate Court contending that Ms. Jolley does not have standing to contest the Testator's will. Without ruling on whether the Contestants had standing, the Probate Court had certified the case to the Chancery Court, Part 1, for a will contest. Upon finding that the Probate Court had failed to rule on the issue of standing, the Chancery Court, Part 1, remanded the case to the Probate Court for a determination of that issue. Therefore, we hold that the Chancery Court, Part 1, had jurisdiction to remand this case to the Probate Court for a ruling on the issue of standing. A remand is precisely what the Court of Appeals ordered in ***Rassas***. Furthermore, we can conceive of no logical reason why one part of Chancery Court cannot remand a case to another part of the same court so the latter can address a preliminary issue that had been properly raised in the court to which the remand is made. To hold otherwise is to triumph form over substance.

C.

The Contestants' next issue questions whether the Probate Court had jurisdiction on remand to address the issue of standing.

In *Rassas*, we discussed a probate court's jurisdiction to decide the issue of standing. We determined in *Rassas* that neither Tenn. Code Ann. § 32-4-101[4] nor case law "give[s] clear and unequivocal guidance as to the jurisdiction to determine the issue of standing of a would-be will contestant." *Rasses*, 1990 WL 263, at *8. Nevertheless, we held that "standing should be determined by the probate court as a part of the process of deciding whether a certifiable contest exists." *Id.* at * 8. We noted in *Rassas* that "exceptional circumstances" could justify a "deviation from this rule." *Id*. at *9.

The Contestants contend the Probate Court erred (1) in exercising jurisdiction over the standing issue and (2) in entering an order under the designation of *Part 1* of the Chancery Court.

We have previously held in this opinion that the Chancery Court, Part 1, had jurisdiction to remand this case to the Probate Court for a determination of the standing issue. It logically follows that the Probate Court had jurisdiction, on remand, to address the issue of the Contestants' standing. It is obvious to us that the placing of the designation of "Part 1" on a Probate Court order and memorandum opinion was nothing more than an oversight. The fact of the matter is that the Chancellor who presides over the Probate Court, *i.e.*, Chancellor Peoples, signed both the order and memorandum opinion. It is abundantly clear to us that he signed both as the Chancellor of the Probate Court. Again, we would note that form cannot be allowed to trump substance.

D.

The last issue raised is whether the Contestants, in fact, lack standing to challenge the Testator's 1998 will. We hold that they do.

It is well-settled "that before the appellant may go forward with a will contest he [or she] must show that he [or she] would take a share of the decedent's estate if the probated will were set aside." *In re Estate of West*, 729 S.W.2d 676, 677-78 (Tenn. Ct. App. 1987). A bequest "of a

---

[4]Tenn. Code Ann. 32-4-101 (2001 & Supp. 2003) states that

[i]f the validity of any last will or testament, written or nuncupative, is contested, then the court having probate jurisdiction over such last will or testament must enter an order sustaining or denying the contestant's right to contest the will. If the right to contest the will is sustained, then the court must:

(1) Require the contestant to enter into bond, with surety, in the penal sum of five hundred dollars ($500), payable to the executor mentioned in the will, conditioned for the faithful prosecution of the suit, and in case of failure therein, to pay all costs that may accrue thereon; and

(2) Cause a certificate of the contest and the original will to be filed with the appropriate court for trial.

As used in this section, the term "the appropriate court for trial" means the court elected by the contestant, in the notice of contest, to conduct a trial upon the validity of the will.

substantial nature is required" in order to have standing in a will contest. ***In re Estate of Spivey***, No. 01A01-9407-CH-00309, 1994 WL 697884, at \*2 n.2 (Tenn. Ct. App., filed Dec. 14, 1994). For example, a one dollar bequest is "a de minimis interest" and is not "sufficient" to give the will contestant standing. ***Id***. In order to have standing, "a contestant must have a substantial interest which is to be served by his [or her] contest." ***Cowan v. Walker***, 96 S.W. 967, 970, 117 Tenn. 135, 148 (1906).

As previously noted, the Testator disinherited each of the Contestants in his 1998 and 1997 wills. The Contestants point to the fact that the Testator made a $10 cash bequest to each of them in the 1985, 1977, and 1975 wills. As a consequence of this, the Contestants argue that they had a "substantial interest" in the earlier wills that is sufficient to give rise to standing.

We disagree. The Contestants' interest in the 1985, 1977, and 1975 wills is *de minimis* and thus insufficient to confer standing. There is no difference between $1 and $10 in the context of the matter under discussion. Both are *de minimis*. Therefore, we hold that the Probate Court did not err in finding that the Contestants lack standing to contest their father's 1998 will.

IV.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellants, Patricia Henderson Jolley and Howard E. Henderson, Jr. This case is remanded for collection of costs assessed below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE