J-A25012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF: HOLLIS C. GORDON, SR., DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: JAMES A. GORDON | : | |
| | : | |
| | : | No. 1175 EDA 2017 |

Appeal from the Decree December 5, 2016
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s):  955 AP of 2014

BEFORE:   OTT, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                **FILED NOVEMBER 15, 2017**

James A. Gordon appeals *pro se* from the decree entered December 5, 2016, in the Court of Common Pleas of Philadelphia County, that sustained preliminary objections ("Second Preliminary Objections") filed by Willie Canada, executrix of the Estate of: Hollis C. Gordon, Sr., Deceased, to the Petition for Citation for Will Appeal ("Fifth Petition"), filed by Gordon, and joined by Evonia E. Scott and Mary H. Gordon.  We affirm on the basis of the trial court opinion.

The parties are well acquainted with the relevant facts and procedural history of this case, which are fully set out in the orphans' court's opinion and need not be restated herein.  **See** Orphans' Court Opinion, dated 3/20/2017, at 1–5.

_____

* Former Justice specially assigned to the Superior Court.

Gordon presents two questions for our review, which we have reordered, as follows:

> Whether probate may be attacked on the ground of fraud practiced upon the Register of Wills after the time fixed by statute for an appeal has run?
>
> Does an heir-at-law of Decedent have standing to appeal the probate decree, when the heir-at-law is allegedly not a beneficiary under Decedent's probated [2014] will, and there is a prior testamentary document allegedly executed by the Decedent allegedly excluding the heir-at-law as a beneficiary[1]?

Appellant's Brief, at 4 (some capitalization removed).[2]

The following principles guide our review:

> [T]he Orphans' [C]ourt decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law.

***In re Estate of Whitley***, 50 A.3d 203, 206-207 (Pa. Super. 2012) (internal quotation marks and citation omitted).

> On an appeal from an order sustaining preliminary objections, we accept as true all well-pleaded material facts set forth in the appellant's complaint and all reasonable inferences which may be drawn from those facts. Preliminary objections seeking the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief; if any doubt exists, it should be resolved in favor of overruling the objections.

---

[1] Under Decedent's prior, 2009 Will, Gordon received a $5.00 specific bequest.

[2] Gordon timely complied with the order of the orphans' court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

> Threshold issues of standing are questions of law; thus, our standard of review is *de novo* and our scope of review is plenary.

***Rellick-Smith v. Rellick***, 147 A.3d 897, 901 (Pa. Super. 2016) (internal citations and quotation marks omitted).  In addition, "whether the statute of limitations has run on a claim is generally a question of law for the trial judge." ***Wilson v. Transp. Ins. Co.***, 889 A.2d 563, 570 (Pa. Super. 2005) (internal quotation marks and citation omitted).

Mindful of our standard of review, and having examined the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable John W. Herron, we conclude Gordon's issues warrant no relief. Judge Herron's opinion comprehensively addresses and properly disposes of both questions raised by Gordon in this appeal.  ***See*** Orphans' Court Opinion, dated 3/20/2017, at 5–13 (finding, *inter alia*: (1) Petitioners' Fifth Petition is untimely filed beyond the applicable statute of limitations, 20 Pa.C.S. § 908(a),[3] and orphans' court cannot set aside the one year time limit in this case where there is only a threadbare allegation that "both the [2014 Will]

---

[3] Section 908 of the Probate, Estates, and Fiduciaries Code provides that any "party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register . . . may appeal therefrom to the [orphans'] court within one year of the decree." 20 Pa.C.S. § 908(a).

and the [2009 Will] are fraudulent and were not drafted by"[4] Decedent,[5] and (2) the orphans' court could have dismissed Petitioners' Fifth Petition based on the fact that Petitioners lacked standing since, under the 2009 Will, which could be probated if the 2014 Will was invalidated, petitioners were effectively disinherited by the nominal bequest of $5.00 each, and therefore do not qualify as a "party in interest" under 20 Pa.C.S. § 908(a); **Estate of Briskman**, 808 A.2d 928, 932 (Pa. Super. 2002) addresses a similar issue.[6]).

Accordingly, we affirm based upon the sound reasoning of the trial court.

_____

[4] Orphans' Court Opinion, dated 3/20/2017, at 6, quoting Gordon's Answer to the Second Preliminary Objections, 11/28/2016, ¶14. **See also** Gordon's Fifth Petition, 9/1/2016, at ¶12.

[5] The orphans' court acknowledges that in **Estate of Colucci**, 492 A.2d 1155, 1156 (Pa. Super. 1985), this Court remanded the case to the orphans' court "to afford Appellant the opportunity to amend his Notice specifying his allegations and for an appropriate evidentiary hearing on the existence of forgery in the signature of the will admitted to probate." **Id.** at 1156. Here, however, the orphans' court concludes the threadbare allegation of fraud in Gordon's Fifth Petition does not warrant an evidentiary hearing. **See** Orphans' Court Opinion, dated 3/20/2017, at 8–9 n.5, citing **In re Estate of Kirkander**, 415 A.2d 26 (Pa. 1980).

   In **Kirkander**, a will appeal was allowed two years after the statute of limitation had run where the petition contained **well pleaded** allegations the decedent's and a witness's signatures on the will were forgeries. **See id.** at 27. We agree with the orphans' court's conclusion that a comparison of the specificity of the fraud allegation in **Kirkander** with the allegation of fraud in Gordon's petition demonstrates reversal and remand for an evidentiary hearing is not appropriate here.

[6] In **Estate of Briskman, supra**, this Court held that an heir of law of the decedent who was not a beneficiary, but was a named successor trustee under

Decree affirmed.[7]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/15/2017</u>

---

a prior will, was not "a party in interest aggrieved by the decree of the register" with standing to appeal. 808 A.2d at 931. The Court explained: "[The heir at law's] contingent interest, either as a successor trustee under the 1984 will, or as an intestate heir at law if both wills are deemed invalid, is too remote to confer upon her an interest in the probate of the 1993 will. *Id.* at 933.

[7] In the event of further proceedings, the parties are directed to attach a copy of the orphans' court's opinion, dated March 20, 2017, to this memorandum.

COURT OF COMMON PLEAS OF PHILADELPHIA
ORPHANS' COURT DIVISION

Estate of Hollis C. Gordon, Sr., Deceased
O.C. No. 955 AP of 2014
Control No. 165214

Opinion Sur Appeal

There are two pertinent issues that this opinion addresses: (1) Can a court waive the statutory time period to appeal the probate of a will based only on a threadbare allegation that the will was fraudulent? and (2) Does an heir that received nothing in a probated will have standing to challenge that will where a successful challenge would result in the probate of a prior will under which the heir received a *de minimis* bequest of $5.00?

In a Decree dated December 5, 2016, this Court sustained Preliminary Objections ("Second Preliminary Objections") by Willie Meana Canada ("Respondent"), Executor of the Estate of Hollis C. Gordon, Sr., deceased, to the Petition for Citation for Will Appeal ("Fifth Petition"), filed by James A. Gordon and joined by Evonia E. Scott and Mary H. Gordon (collectively "Petitioners"), because the Fifth Petition was filed on September 1, 2016, which is more than one year after the date that the Will of Hollis C. Gordon, Sr., deceased was probated. On December 23, 2016, Petitioners appealed that decision to the Superior Court. For the reasons explained herein, this Court properly sustained the Second Preliminary Objections.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Hollis C. Gordon, Sr. ("Decedent") died on November 27, 2014 survived by 10 children, including Petitioners, Patricia A. Conway, and Respondent. *See* Fifth Petition ¶¶ 1-2. Decedent had executed or purportedly executed two wills during his lifetime—one on July 16, 2009 ("2009 Will") and one on May 20, 2014 ("2014 Will"). *See* Second Preliminary Objections, ¶¶ 4,

1

11.[1] The 2009 Will bequeaths "only the amount of $5.00 each, and nothing else" to Petitioners and bequeaths the residue in equal shares to the other seven children. *See* Second Preliminary Objections, Ex. C. The 2014 Will bequeaths nothing to Petitioners, makes several specific bequests, and bequeaths the residue in equal shares to the other seven children and three grandchildren. *See* Second Preliminary Objections, Ex. G.

On July 23, 2015, upon consideration of a petition by Respondent and Patricia A. Conway to admit to probate the 2009 Will and objections thereto by Petitioners, the Probate Court of Screven County, Georgia admitted the 2009 Will to probate and issued Letters Testamentary. *See* Second Preliminary Objections, ¶ 10 and Ex. F. On August 14, 2015, upon consideration of a petition by Respondent, the Register of Wills of Philadelphia County admitted to probate the 2014 Will and granted Letters Testamentary to Respondent. *See* Second Preliminary Objections, ¶ 13 and Ex. H.

On November 25, 2015, Petitioners filed with this Court a Petition for Citation for Will Appeal, which this Court dismissed without prejudice for failure to allege facts to support disturbing the Register of Wills' decision to probate the 2014 Will. This Court also dismissed without prejudice the Petitioners' Petition for Citation for Will Appeal filed on January 5, 2016 for the same reasons. This Court dismissed without prejudice the Petitioners' Petition for Citation for Will Appeal filed on March 30, 2016 for failure to include "the names and addresses of all parties in interest" as required under what was then Phila. O.C. Rule 10.2.C(2)(c). On April 25, 2016, Petitioners filed another Petition for Citation for Will Appeal ("Fourth Petition") wherein they asserted that "the decedent lacked mental capacity procured by undue influence

---

[1] As will be discussed *infra*, Petitioners allege that both the 2009 Will and 2014 Will "are fraudulent and were not drafted by [Decedent]." *See* Fifth Petition, ¶ 12.

2

[sic], duress and/or constraint to execute a Will on May 20, 2014."[2] *See* Fourth Petition ¶ 11.

The Fourth Petition complied with Phila. O.C. 10.2.C(2)(c) and contained non-conclusory factual allegations that gave plausibility and context to the assertion of lack of testamentary capacity, including the following allegations: Decedent was admitted to the hospital on May 29, 2014 (nine days after he executed the 2014 Will) with "symptoms and diagnosis of a severe stroke"; physicians at the hospital determined that Decedent was "deteriorating as a starving victim, since his internal-body-system [sic] was feeding off his internal-body-organs [sic] as their only source of nutrition leading the hospital's medical staff to classify [Decedent] for immediate placement for hospice as a terminally ill patient"; and "hospital medical staff concluded [that Decedent's] mental and physical capacity was severely diminishing long before his May 29, 2014 hospital admission." *See* Fourth Petition ¶¶ 5-8. Accordingly, this Court granted a Citation in a Preliminary Decree dated April 26, 2016, which required Respondent to show cause why this Court should not sustain the Will Appeal and revoke the Letters Testamentary due to Decedent's alleged lack of testamentary capacity at the time that he executed the 2014 Will.

On June 8, 2016, Respondent filed Preliminary Objections ("First Preliminary Objections") to the Fourth Petition wherein she argued that Petitioners lacked standing to challenge the probate of the 2014 Will.[3] Her argument was essentially as follows; if the 2014

---

[2] Petitioners seemed to be asserting that Decedent lacked testamentary capacity when he executed the Will, the Will was procured by undue influence, and the Decedent was under duress when he executed the Will. However, the Fourth Petition lacked specific factual allegations to support the latter two assertions.

[3] In her First Preliminary Objections, Respondent also included allegations that James A. Gordon "had a long history of abusing and harassing" her, the Court of Common Pleas of Philadelphia County previously issued a Final Protection from Abuse Order against Petitioner, and she was afraid of James A. Gordon and the prospect of "being cross-examined by her abuser." *See* First Preliminary Objections, ¶¶ 29-33. The Court did not consider these allegations relevant to the disposition of the First Preliminary Objections and Respondent cited no law to suggest that they were relevant.

3

Will was invalidated, the 2009 Will could be probated; the 2009 Will left only $5.00 each to Petitioners compared to nothing in the 2014 Will; "[l]osing out on $5.00 does not confer on [them] an interest ... that is substantial, direct, and immediate" and did not cause them to be "reasonably aggrieved by the decision of the Philadelphia Register of Wills"; and, therefore, they do not have standing to challenge 2014 Will. *See* First Preliminary Objections, ¶ 26. No response was filed to the First Preliminary Objections within the 20 day time period set forth in what was then Phila. O.C. Rule 3.2.A(3)(b) and, on July 11, 2016, this Court issued a Decree sustaining the First Preliminary Objections without prejudice on the ground of standing.

On September 1, 2016, Petitioners filed yet another Petition for Citation for Will Appeal ("Fifth Petition"). In a Preliminary Decree dated October 12, 2016, this Court granted a Citation that required Respondent to show cause why the Court should not sustain the Will Appeal and revoke the Letters Testamentary due to Decedent's alleged lack of testamentary capacity at the time that he executed the 2014 Will.

On November 10, 2016, Respondent filed the Second Preliminary Objections wherein she argues once again that Petitioners lack standing and further notes that the Fifth Petition was filed 18 days after the expiration of the one year statute of limitations that governs Petitioners' appeal of the Register of Wills' decision to grant Letters Testamentary to Respondent on August 14, 2015. *See* Second Preliminary Objections ¶ 25. Petitioners timely filed an Answer to the Second Preliminary Objections, but the Answer mostly rehashed the Fifth Petition and did not address the timeliness issue or even contain a paragraph 25. Since the Fifth Petition was filed 17 days after the expiration of the one year period during which an appeal may be taken from a decree of the Register of Wills under 20 Pa.C.S. § 908(a), the Court issued a Final Decree dated December 5, 2016 ("Final Decree") sustaining the Second Preliminary Objections.

4

Petitioners filed a Notice of Appeal on December 23, 2016. This Court issued a Decree dated January 4, 2017 ordering Petitioners to file a concise statement of errors complained of on appeal ("Statement") pursuant to Pa.R.A.P. 1925(b). Petitioners timely filed the Statement, which contains 17 numbered paragraphs.

## II. DISCUSSION

There are two main issues relevant to this appeal: (1) whether the Fifth Petition was timely filed and (2) whether Petitioners have standing to appeal the Register of Wills' decision to probate the 2014 Will. These relatively straightforward issues are obfuscated in the Statement by 17 paragraphs consisting mostly of assertions that this Court improperly ignored certain information. Most of the information that Petitioners assert this Court improperly ignored is irrelevant or was not alleged before Petitioners filed his Notice of Appeal.

### A. The Court Properly Sustained the Second Preliminary Objections

Petitioners' Fifth Petition was clearly untimely filed and thus the Court properly sustained the Second Preliminary Objections on the ground of untimeliness. "Any party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register … may appeal therefrom to the court within one year of the decree." 20 Pa.C.S. § 908(a). Here, the Register of Wills of Philadelphia County issued a decree on August 14, 2015 probating the 2014 Will and granting Letters Testamentary to Respondent. The Fifth Petition was filed on September 1, 2016, which is more than one year after August 14, 2015.

The orphans' court may not set aside the one year time limit for an appeal from the probate of a will absent "a fraud on the court or the Register of Wills." *Dempsey v. Figura*, 374 Pa. Super. 347, 351, 542 A.2d 1388, 1390–91 (1988) (citing *In re Kirkander's Estate*, 490 Pa. 49, 415 A.2d 26 (1980)). Even in cases involving fraud, the statutory time period cannot be set aside

5

if the appealing party knew or should have known about the alleged fraud during the one year period. *See In re Kiger's Estate*, 487 Pa. 143, 148, 409 A.2d 5, 8 (1979) (upholding orphans' court dismissal of an untimely will appeal notwithstanding allegations of fraud because the alleged fraud was "known or at least should have been known at the time the will was probated"). Furthermore, a general averment of fraud is insufficient to set aside the one year time period; "[a]llegations must be specific in order to compel the court to conduct a hearing." *Estate of Jackson v. Jackson*, No. 1612 WDA 2014, 2015 WL 6951263, at *3 (Pa. Super. Ct. June 26, 2015) (quoting *In re Estate of Karschner*, 919 A.2d 252, 256 (Pa. Super. Ct. 2007)) (internal quotations marks omitted).

Based on the pleadings before this Court in this case, the Court lacked the authority to disregard or extend the one year time limitation set forth in 20 Pa.C.S. § 908(a) and therefore was obligated to sustain the Second Preliminary Objections resulting in the dismissal of the untimely Fifth Petition. Although Petitioners alleged in paragraph 14 of their Answer to the Second Preliminary Objections that they "will prove ... both the [2014 Will] and the [2009 Will] are fraudulent and were not drafted by" Decedent, there are no specific factual allegations to support this threadbare allegation of fraud. It is not uncommon nor impermissible for someone other than a decedent to draft his or her will and Petitioners failed to allege any facts that suggest that such a common practice somehow amounted to fraud in this case. Given the lack of specificity in the fraud allegation, the Court could not set aside the one year time period on the basis of fraud. Additionally, the Court could not set aside the one year time limit because there was no allegation that the Petitioners had just recently received information that they previously did not know and could not have been reasonably expected to know that led them to believe that the 2014 Will was fraudulent. Just as in *In re Kiger's Estate*, the orphans' court properly declined

6

to extend the time period for filing a will appeal because the alleged fraud in the form of undue influence was "known or at least should have been known at the time the will was probated," here the court properly declined to extend the statutory time period because Petitioners did not allege any facts that suggest that they did not know of the alleged fraud at the time that the 2014 Will was probated. *See* 409 A.2d at 8. Unlike in *In re Culbertson's Estate*, where the challenging parties alleged that the will admitted for probate was forged and the court extended the statutory time period because the will appeal "was made promptly upon the discovery of the forgery," here there are no allegations to indicate that Petitioners acted promptly upon discovering the alleged fraud or even when they discovered it.[4] *See* 301 Pa. 438, 447, 152 A. 540, 543 (1930).

Given the lack of any supporting details pertaining to this alleged fraud, we do not think that Petitioners are entitled to a hearing simply because they wrote the word "fraudulent" on a pleading. In *Estate of Jackson v. Jackson*, the appellant sought to appeal after the one year time period in 20 Pa.C.S. § 908(a) a decree from the Register of Wills issuing letters of administration. 2015 WL 6951263 at *2. The appellant alleged that the administrator "committed fraud upon the Register by falsely acknowledging in her petition for grant of letters of administration ... that Decedent left no Will." *Id.* at *3 (internal quotation marks omitted). However, the Superior Court upheld the orphans' court's dismissal of the will appeal because "the validity of a document or 'paper presented' is not questioned" and "[n]o forgery of a

---

4    The Objection to Petition to Probate Will in Solemn Form ("Objection") that Petitioners submitted to the Probate Court of Screven County, Georgia to oppose the probate of the 2009 Will alleges that Respondent and Patricia Conway "inserted their 'New Page 2' contrary to [Decedent's] devise and bequeath in his Original Last Will and Testament." *See* Second Preliminary Objections, Ex. E. Due to Petitioners' lack of allegations to support the assertion that the 2014 Will is "fraudulent," it is unclear what the alleged fraud consists of. If the alleged fraud was the unscrupulous insertion of a forged page as Petitioners seems to allege in their Objection was the case with the 2009 Will that was probated in Georgia, we note that Petitioners' Objection was dated April 28, 2015, which demonstrates that they were aware of the alleged fraud as it pertained to the 2009 Will months before the probate of the 2014 Will.

7

document connected to [the administrator's] petition [for letters of administration] is alleged." *Id.* at *4. Here, as in *Estate of Jackson v. Jackson*, there is not a specific allegation that any document submitted to the Register was a forgery or that fraudulent concealment of any material fact occurred. Unlike in *In re Kirkander's Estate*, where the Pennsylvania Supreme Court remanded a will appeal back to the orphans' court for an evidentiary hearing on the issue of fraud where the appellant had specifically alleged that the decedent's and a witness's signature on the probated will were forged, here, as in *Estate of Jackson v. Jackson*, Petitioners have not specifically alleged how the 2014 Will is "fraudulent" and thus this Court respectfully suggests that the Superior Court should not remand the case for an evidentiary hearing. *See In re Kirkander's Estate*, 490 Pa. 49, 51, 415 A.2d 26, 27 (1980). In sum, Petitioners have offered nothing other than a bald assertion that the 2014 Will and 2009 Will are "fraudulent" and their allegation that the 2014 Will and 2009 Will were not drafted by Decedent provides no useful information because it is common and permissible for a testator to have someone else (frequently an attorney) draft his or her will.[5]

---

[5] We feel inclined to note a case, *Estate of Colucci*, which would arguably support the notion that this Court should have held an evidentiary hearing despite the fact that the fraud allegation was threadbare. *See* 342 Pa. Super. 349, 352, 492 A.2d 1155, 1156 (1985). In *Estate of Colucci*, the orphans' court dismissed a will appeal filed more than one year after the probate of the will for untimeliness and declined to set aside the time limit based on threadbare allegations of fraud and forgery. *Id.* at 1155. The Superior Court acknowledged that the notice of appeal did not allege sufficient facts to support the conclusion "that there was a forgery of the will admitted to probate amounting to fraud on the Register of Wills sufficient to toll the one-year statute of limitations," but nonetheless remanded the case back to the orphans' court in a 2-1 decision "to afford Appellant the opportunity to amend his Notice specifying his allegations and for an appropriate evidentiary hearing on the existence of forgery in the signature of the will admitted to probate." *Id.* at 1156.

The dissent, filed by Judge Popovich, noted that "the party attacking the [w]ill nowhere asserts the basis for his fraud and forgery allegations" and thus concluded that "the Majority act[ed] precipitously in remanding solely on appellant's bald allegation[s]" of fraud and forgery. *Id.* at 1157 (Popovich, J., Dissenting). The dissent believed that "appellant's 'boiler-plate' allegations of fraud and forgery, left unsubstantiated, fall short of preserving an attack on the probate of [the decedent's] will." *Id.* at 1158 (Popovich, J., Dissenting). We agree with Judge Popovich's well-reasoned and thoughtful dissent. The *Estate of Colucci* majority's reliance on

8

Even if the Fifth Petition was timely filed or fraud that would permit an extension of the one year limitation was sufficiently alleged, for the reasons hereafter discussed the Court could have properly dismissed the Fifth Petition based on the fact that Petitioners lacked standing to appeal from the probate of the will. As is discussed in more depth below, the 2009 Will, which could be probated if the 2014 Will was invalidated, effectively disinherited Petitioners and thus the fact that they are intestate heirs does not confer upon them standing to challenge the 2014 Will.

## B. The Court Properly Sustained the First Preliminary Objections

In their Statement, Petitioners assert that this Court improperly sustained without prejudice the First Preliminary Objections, which effectively dismissed the Fourth Petition without prejudice, because (1) this Court "ignor[ed] the fact [that] Petitioners' Appeal from the Register of Wills addressed the grounds of standing" and (2) Respondent never served upon him Respondent's First Preliminary Objections or a twenty day notice to plead. We will address both of these arguments.

### 1. The Petitioners Lacked Standing to Challenge the 2014 Will Notwithstanding Their Statuses as Intestate Heirs

Only a "party in interest" may "challenge the probate of a will." 20 Pa.C.S. § 908(a).

---

*Kirkander's Estate* was misplaced because, unlike in this case and in *Estate of Colucci*, the appellants in *Kirkander's Estate* specifically alleged that the decedent's and a witness's signature on the will were forged. *See Kirkander's Estate*, 415 A.2d at 27. Here, Petitioner's allegation that he "will prove ... both the [2014 Will] and the [2009 Will] are fraudulent and were not drafted by" the decedent does not give the court "any insight as to the substance of the claims." *See Estate of Colluci*, 492 A.2d at 1157 (Popovich, J., Dissenting).

Therefore, notwithstanding the 2-1 decision in *Estate of Colucci*, this Court respectfully suggests that the Superior Court may wish to examine the difference between the lack of specificity of the fraud allegation in this case and the specificity of the fraud allegations in *Kirkander's Estate* that the Pennsylvania Supreme Court considered when it decided to reverse and remand that case and conclude that, unlike in *Kirkander's Estate* where there was a specific allegation of fraud, here a reversal and remand is not appropriate due to the threadbare nature of the fraud allegation.

9

Since Petitioner's "cause of action arises from § 908 ... [his] standing is a 'jurisdictional prerequisite" to the action." *See In re Estate of Briskman*, 2002 PA Super 287, ¶ 13, 808 A.2d 928, 933 (2002) (quoting *Grom v. Burgoon*, 448 Pa.Super 616, 672 A.2d 823, 824 (1996)). As previously explained, the First Preliminary Objections were based on Petitioners' alleged lack of standing given that the invalidation of the 2014 Will would cause the 2009 Will to be operative and Petitioners would only receive $5.00 each under the 2009 Will compared to nothing under the 2014 Will. *See In re Estate of Sidlow*, 374 Pa. Super. 624, 628, 543 A.2d 1143, 1145 (1988) (noting that "absent a specific revocation, the doctrine of relative revocation revives an earlier will [that] has been impliedly revoked by a subsequent will [that] is later declared invalid"). After the Court sustained the First Preliminary Objections without prejudice in a Decree dated July 11, 2016, Petitioners had 34 days to re-file a will appeal addressing the standing issue within the one year time limitation, but they did not do so. Furthermore, the Fifth Petition, filed 17 days after the expiration of the one year period, did not include any additional allegations that would have established Petitioners' standing to challenge the probate of the 2014 Will.

Petitioners' assertion that they "addressed the grounds of standing" in the Fourth Petition seems to be based on the fact that the Fifth Petition alleged that they are intestate heirs of Decedent. While Petitioners did clearly allege in the Fourth Petition that they are intestate heirs of Decedent (Fourth Petition ¶¶ 1, 13), the Superior Court has rejected the notion that an intestate heir "would always be permitted to file an appeal from probate of a will in which the heir is not a named beneficiary." *Estate of Briskman*, 808 A.2d at 932. Rather, an intestate heir lacks standing under 20 Pa.C.S. § 908(a) to challenge a will if a successful challenge to that will would revive a prior will under which the heir had no interest, even if the heir planned to challenge that will too, because the heir's interest "is too remote" at that point. *Id.* at 933. *See also In re Knecht's Estate*,

10

341 Pa. 292, 298, 19 A.2d 111, 114 (1941) (holding that decedent's husband had no standing to challenge the probate of a will and codicil thereto where a prior will existed under which "he would receive precisely the same interest in the estate"); *In re Estate of Swenson*, No. 2289 MDA 2013, 2014 WL 10889531, at *3 (Pa. Super. Ct. Aug. 1, 2014) (citing *Estate of Briskman* and holding that heir had no standing to challenge will because there were prior wills that would have to be invalidated in order for the heir to have an interest in the decedent's estate). *But See Estate of Gralak*, 2014 WL 2921592 at*5 (Pa. Com. Pl. June 24, 2014) (citing to *Estate of Briskman*, but nonetheless declining to sustain preliminary objections to standing where an intestate heir challenging the probate of the will had no interest under a prior will that could be probated if the probated will was invalidated because the heir "alleged that all known purported wills of [the decedent] are invalid").

While Petitioners arguably have *some* interest in the 2009 Will because they inherit $5.00 each under the 2009 Will, in order for that to confer standing on them, it must be a *substantial* interest. *See Estate of Briskman*, 808 A.2d at 933 (internal citation omitted). We agree with Respondent's assertion in paragraph 26 of the First Preliminary Objections that the $5.00 bequest in the 2009 Will is not sufficiently substantial to confer standing. *See id.* Decedent effectively disinherited Petitioners in the 2009 Will by leaving them a de minimis bequest of $5.00. *See Estate of Susanna H. Proley, Deceased*, No. 3244 of 1977, 1979 WL 139272, 3 Phila.Co.Rptr. 359, 362) (Pa. Orph. Dec. 11, 1979), *aff'd sub nom. In re Proley's Estate*, 492 Pa. 57, 422 A.2d 136 (1980) (noting that "the decedent desired to disinherit" certain heirs "by leaving $1.00 to each of them"). We cannot find a published Pennsylvania appellate court case that addresses the exact question of whether an heir has standing to challenge a will under which he or she receives nothing if a successful challenge to that will would result in the probate of a prior will under

11

which the heir received only a nominal bequest. However, several other state appellate courts that have addressed similar issues have sensibly concluded that a de minimis bequest in a prior will does not confer standing on an heir seeking to challenge a will under which he or she receives nothing.

In a Tennessee case, *Jolley v. Henderson,* two heirs of the decedent argued that they had standing to challenge the probated will because prior wills bequeathed $10.00 to each of them. 154 S.W.3d 538, 541 (Tenn. Ct. App. 2004). The court, after noting that one "must have a substantial interest" in the outcome of a will contest, held that the $10.00 bequest was "de minimis and thus insufficient to confer standing." *Id.* at 543.[6] To bolster this conclusion, the court cited to a previous case holding that a $1.00 bequest was not sufficiently substantial to confer standing and observed that "[t]here is no difference between $1 and $10 in the context of the matter under discussion." *Id.* (citing *In re Estate of Spivey,* No. 01A01-9407-CH-00309, 1994 WL 697884, at *2 n.2 (Tenn. Ct. App., filed Dec. 14, 1994)).

In a Florida case, *Newman v. Newman,* a son of the decedent who received nothing under the probated will and was bequeathed $1.00 under a prior will challenged the probated will. 766 So.2d 1091, 1093 (Fla. Dist. Ct. App. 2000). The court noted that the aforesaid son "was actually disinherited in [the decedent's prior] will since he was bequeathed only one dollar in that will" and that he "did not stand to gain by having the [probated] will declared invalid" given that "[h]e would have only taken one dollar under [the decedent's] previous will." *Id.* at 1093-94 (internal citations omitted). Therefore, the court ruled that he did not have standing to challenge the

---

[6] Although in *Jolley* the last will that the decedent executed before the probated will also left nothing to the two challenging heirs while the three wills before that bequeathed $10.00 to them, the court's analysis, namely the court's focus on how a $10.00 bequest in a prior will is insufficient to confer standing on an heir, suggests that the outcome would have been the same even if all prior wills of the decedent bequeathed a nominal sum to the two challenging heirs.

12

probated will. *Id.* at 1095. *But see Danforth v. Danforth*, 663 S.W.2d 288, 295 n.3 (Mo. Ct. App. 1983) (internal citation omitted) (noting that a child of the decedent who received nothing under the challenged will but received one dollar under the prior will was a necessary party to the will challenge "[d]espite the deminimus [sic] amount of the legacy under the [prior] will").

Just as in *Jolley* and *Newman*, nominal sums bequeathed in prior wills to challenging heirs in the amount of $10.00 and $1.00, respectively, amounted to a disinheritance and did not confer standing on the heirs to challenge a probated will under which they received nothing, here the fact that Petitioners were bequeathed $5.00 each in Decedent's 2009 Will does not confer standing on them to challenge the 2014 Will under which they received nothing.[7] *See* 154 S.W.3d 543; 766 So.2d at 1093. To hold differently would undermine the Superior Court's very clear and well-reasoned ruling in *Estate of Briskman*. It is not uncommon for a testator to bequeath a nominal sum to an heir in order to disinherit that heir.[8] Permitting a nominal bequest to be the basis for standing would arbitrarily allow a disinherited heir to challenge a will under which he receives nothing because a prior will disinherited the heir by bequeathing a nominal sum rather than disinheriting the heir by bequeathing nothing. We do not think such a result conforms to the Superior Court's holding in *Estate of Briskman* and thus decline to so hold.

### 2. Petitioners' Alleged Lack of Notice of the First Preliminary Objections is Irrelevant Given Their Lack of Standing

Petitioners allege in their Statement that Respondent never served the First Preliminary Objections on them nor gave them notice to plead within 20 days. *See* Statement ¶ 11-12. This is

---

[7]  Decedent stated in the 2009 Will that "I give the amount of 5.00 each, and nothing else" to Petitioners.

[8]  The somewhat common practice of leaving a nominal sum to an heir to disinherit that heir may be caused, in part, by the "popular error" that, in order "to disinherit the heir[,] he must be 'cut off with a shilling.'" *See In re Emernecker's Estate*, 218 Pa. 369, 371, 67 A. 701 (1907) (holding that destroyed will cannot be probated where testator died before having the opportunity to execute a new will after destroying a prior will due to the "erroneous belief" that she must bequeath a nominal sum to an heir in order to effectively disinherit that heir).

13

the first time that Petitioners have made these allegations, so the Court did not have an opportunity to conduct a hearing on this issue. Respondent included with her First Preliminary Objections a Certificate of Service certifying that the First Preliminary Objections were served via mail on Respondents. Respondent also included a copy of the notice given to Respondents, which contained a 20 day notice to plead.[9] Therefore, absent information suggesting otherwise, the Court proceeded as if Petitioners were properly notified of the First Preliminary Objections.

Ultimately, the issue of whether or not Petitioners received proper notice of the First Preliminary Objections is irrelevant because "when a statute creating a cause of action includes the designation of who may sue, then [the issue of] standing" is "interwoven with that of subject matter jurisdiction" and "becomes a jurisdictional prerequisite to an action" that the court may raise *sua sponte*. *See Hill v. Divecchio*, 425 Pa. Super. 355, 361, 625 A.2d 642, 645 (1993); *Barndt v. Barndt*, 397 Pa. Super. 321, 325, 580 A.2d 320, 322 (1990). Since 20 Pa.C.S. § 908(a) creates a cause of action and designates who may sue, namely "a party in interest seeking to challenge the probate of a will," this Court could have raised the issue of standing *sua sponte* and dismissed the Fourth Petition after determining that the Court did not have jurisdiction to decide the matter. *See Hill*, 625 A.2d at 645 n.3; *Estate of Briskman*, 808 A.2d at 933 (quoting *Grom v. Burgoon*, 672 A.2d at 824). Therefore, even if the First Preliminary Objections were never filed and regardless of whether Petitioners received proper notice of the filing thereof, this Court had the authority to raise the issue of standing *sua sponte* and dismiss the Fourth Petition for lack of standing.

---

[9] The notice said "[i]f you have any objections to the Preliminary Objections, you must state them in writing and file them within 20 days from the date of this Notice or by June 28, 2016." The form of the notice to plead set forth in Pa.O.C. Rule 3.5(b)(1) more accurately uses the term "response" whereas Respondent used the term "objections."

14

## C. Most of the Facts that the Court Supposedly Ignored Are Irrelevant

Most of the paragraphs in Petitioners' Statement, namely paragraphs 4, 6-10, and 13-17, allege that the Court ignored information or allegations that are not relevant to the Court's decision. To the extent that Petitioners complain that the Court dismissed without prejudice the first, second, and third petitions for citation for will appeal, the Court notes that such dismissals were appropriate given the lack of factual allegations in those petitions to support the general assertions of duress, undue influence, fraud, or lack of testamentary capacity. The Court granted a Citation based on the Fourth Petition due to the inclusion of some factual allegations that at least tended to support the assertion that Decedent lacked testamentary capacity when he executed the 2014 Will. With respect to Petitioners' assertion in paragraph 13 of their Statement that the Court ignored that Respondent "had a history of abusing, harassing, and stalking" James A. Gordon, the Court notes that the allegations of abuse and harassment between the parties are irrelevant to the issue of whether the Court properly dismissed the Fourth Petition and Fifth Petition. Contrary to Petitioners' implication in paragraph 14 of his Statement, the Court did not make any decision in this case based on the fact that Respondent alleged in her First Preliminary Objections and Second Preliminary Objections that she was afraid of being cross-examined by James A. Gordon. The reasons for this Court's decisions sustaining the First Preliminary Objections and the Second Preliminary Objections are set forth above.

## D. Petitioners Did Not Previously Raise the Issue of Decedent's Domicile

Petitioners assert in paragraph 3 of their Statement that the Court ignored that "Sylvania, County of Screven, State of Georgia is the [D]ecedent's domicile[,] which is not the jurisdiction of this court." Under 20 Pa.C.S. § 3131, the Philadelphia County Register of Wills would only have jurisdiction to grant letters testamentary upon Decedent's Estate if at least one of the

15

following two statements is true: (1) Decedent died while a domiciliary of Pennsylvania and Decedent's last principal residence was in Philadelphia County or (2) Decedent had property located in Philadelphia County at the time of his death. In paragraph 3 of the Second Preliminary Objections, Respondent alleges that "[a]t the time of his death, Hollis C. Gordon, Sr. was a resident of Pennsylvania" although, in the Petition to Probate Will in Solemn Form that Respondent and Patricia A. Conway filed in the Probate Court of Screven County, Georgia, Respondent alleged that Decedent's "place of domicile" was an address in Screven County, Georgia. *See* Answer to Second Preliminary Objections, Ex. D. In paragraph 1 of the Fifth Petition, Petitioners allege that Decedent "died ... in Philadelphia County, Pennsylvania," but Petitioners did not clearly allege where Decedent was domiciled when he died until they filed their Statement. Since Petitioners failed to raise this issue before this Court, it is "waived and cannot be raised for the first time on appeal." *See* Pa.R.A.P. 302(a). Even if Petitioners did not waive this issue, for the reasons stated *supra* they lacked standing to challenge the probate of the 2014 Will in the first place.

### III. CONCLUSION

This Court properly dismissed Petitioners' Fourth Petition for lack of standing because, even if the 2014 Will was invalidated, the 2009 Will, under which Petitioners do not have a substantial interest, could be probated. The fact that Petitioners are intestate heirs of Decedent is irrelevant because, as the Superior Court clearly set forth in *Estate of Briskman*, the interest of intestate heirs is too remote to confer standing if those heirs have no interest in a prior will that could be probated upon invalidation of the challenged will, regardless of whether the heirs desire to challenge the prior will. Since standing is a jurisdictional prerequisite given that the persons entitled to appeal the probate of a will are set forth in 20 Pa.C.S. § 908(a), this Court was

16

permitted to raise the issue of standing *sua sponte*. Thus, any alleged defect in the notice that Petitioners received or did not receive of the First Preliminary Objections was harmless since the Court could have dismissed the Fourth Petition on its own motion.

The Court properly dismissed Petitioners' Fifth Petition because it was filed after the one year statutory period for filing an appeal from the probate of a will under 20 Pa.C.S. § 908(a) expired and Petitioners failed to make allegations of fraud sufficient to set aside the statute of limitations. But even if this Court could have set the one year period aside based on the presence of the word "fraudulent" in a pleading, this Court's failure to do so is irrelevant given that Petitioners lack standing and thus the Court could have also properly dismissed the Fifth Petition *sua sponte* for lack of standing.

For the reasons set forth in this opinion, the Court properly dismissed the Fourth Petition and Fifth Petition and, therefore, the Court's decision should be affirmed.

BY THE COURT:

_____
JOHN W. HERRON, J.

Dated this ___20th___ day of March 2017.

James A. Gordon, pro se
Evonia E. Scott, pro se
Mary H. Gordon, pro se

Bradley Newman, Esquire

17